Turley, J.
delivered the opinion of the court.
The question presented for the determination of the court in this case is, whether a dowress can maintain an action of assumpsit for use and occupation against a tenant from year to year, to recover rents which accrued after the death of her husband, and before the assignment of her dower, no damages having been decreed to her when dower was assigned. A correct consideration of this question requires an examination of the nature of an estate in dower, and the remedies provided for its recovery and enjoyment by the common and statute laws of Great Britain, and the changes which have been made relative thereto by the st itute laws of the State of Tennessee.
By the common law a widow is entitled to dower in the one-third part of all the real estate of which her husband was seiz,ed during coverture. This right commences with the *494 marriage and is consummated upon the death of the husband; yet, nevertheless, no right of entry accrues till an assignment of her interest has been specially made. This, it has been observed, is probably the only instance in which a title, though complete and unopposed by any adverse right of possession, does not confer on the person in whom it is vested the right of reducing it into possession by entry; her situation in this respect, is an anomalous case in the law of England, standing upon its own particular circumstances, and neither borrowing or affording any analogies. Park on Dower, 334. To such an extent has this principle been carried, that the entry of the wife upon her husband’s death without assignment is treated as an abatement, and a dowress in under a void assigment may be treated as a disseisor. Dal. Rep. 100: 1 Burrow’.; Rep. 111. The reason the law denies a right of entry in the wife,- although her title is consummate, is to be found in the injustice which would result from permitting her to carve for herself such portions of her deceased husband’s estate as might pler.se her, without regard to the rights of the heirs at law or devisee; and that her title to be endowed, is not of an undivided third of the entirety, but of a third part in severalty, which third part is unascertained till assignment, and therefore bearing no analogy to the case of coparceners, or other persons entitled to undivide 1 shares. Park on Dower, 335, 336. The necessary results from this principle of law are, that upon the death of the husband, his'real estate descends to his heir at law, or devisee, who has the undivided seized till au assignment of dower has been made, and who alone can receive rents and profits, and bring suits to recover the possession, and for injuries done to the estate. That until an assignment has been made, there is no privity either of estate or of contract between the widow and any tenant of the estate, and that she can maintain no possessory action if any assignment of her dower is refused. By the statute of Magna Charla, dower is to be assigned within forty days after the death of the husband, but if this be not done, aud the widow be compelled to resort to legal means to enforce an assignment, her remedy is by a writ of dower unde nihil habit, or by a writ of right of dower, which can be *495 brought against no one but the tenant of the freehold, because the assignment of dower being an act involving the .... terest or the persons entitled to the inheritance, it is requisite that no one shall be legally competent to assign dower who has a less estate than one of freehold. They therefore do not lie against a guardian in socage or any person who has but a chattel interest, as tenant by elegit, or tenant for years. Bro. Dow, Pl. 68: 9 Rep. 17: Park on Dower, 285. If, by either of these modes of proceeding, she obtahis judgment, dower is assigned by the sheriff on. the land, and she may then proceed to recover possession by ejectment. Park, 283,
The writ of dower, unde nihil habit, is used in all cases where no dower has been assigned, but if part have been assigned the proper remedy is the writ of right of dower which is more general, extending either to a part or the whole. Both of these are writs of right. Park on Dower, 283, 284
Dower having then to be recovered by a real action, no damages were at common law recoverable by the' wife for the detention, because damages can only bo given for the detention of the possession, and in writs of right where the right itself is disputed, no damages are given, because no wrong is done until the right is determined. Coke Lit. 32, b. 1 Keb. 86: 1 Cruise, 169: 2 Institutes, 286: • 10 Coke, 216.
This rule however, was partially remedied by the statute of Merton, passed 20th Henry III, c 1, which provides that “widows which, after the death of their husbands, are de-forced of their dowers, and cannot have their dowers or quarantine without plea, whosoever deforce them of their dowers or quarantine of the lands whereof their husbands died seized, and that the same widows after shall recover by plea, they that be convicted of such wrongful deforcement, shall yield damages to the same widows, that is to say, the value of the whole dower to them belonging, from the time of the death of their husbands, until the day that the said widows by judgment of our court have recovered seizin of their (lower.”
By damages are to be understood the profits of the third part of the estate since the death of the husband, after deducting outgoings, and such damages as the wife has sustained by the detention of her dower. Docl. and Student, 14CC *496 Hargrave’s Coke Lit. 32-, b, n. 4: 1 Leon. Reports, 56: 2 ° 3 3 r 3 Rep. 181: Park on Dower, 306.
The statute of Merton, in giving damages, has specified no particular method of ascertaining them, but has left the manlier of doing so to the discretion of the court, and the prac-lice adopted is, unless the damages are either admitted by the party, or ascertained by the jury who try the action, to grant a writ of enquiry, and if judgment is given for the demandant by default, confession or any other way than by verdict, there must of necessity be a jury empannelled to assess the damages. 2 Barnes’ Rep. 442: Hargrave’s Coke Lit. 32 b, n. 4: Park on Dower, 307.
But if the heir or feoffee assigns dower and the widow accepts thereof, without an allowance for her damages, she can1 not afterwards claim them, because having accepted dower, which is the principle, she cannot afterwards sue for damages which are only accessory. Coke Litt. 33 a: 1 Cruise’s Digest, 170: Park on Dower, 310. For the same reasons, if she have judgment final on a writ of right of dower without an assessment of her damages, she shall not afterwards have a separate action for their recovery.
This is a brief review of the redress extended by the common law courts in England to widows in relation to their dower rights. The court of chancery, as early as the reign of queen Elizabeth, began to assume a remedial jurisdiction on claims of dower, the progress of which it is unnecessary for our present purpose to trace, it being sufficient to observe that although relief is now readily extended in that court to widows claiming dower, yet it is universally admitted that the question of right, if controverted, must be sent to law to be tried by a jury. 2 Brown’s C. C. 631, 633, case of Custis vs. Custis: 2 Vesey, jr. 128, case of Mundy vs. Mundy: 2 Sch. and Lefroy, 391, D’Arcy vs. Blake: and that in assessing damages under the statute of Merton, the same construction is given as at law, and that no bill will be retained which is filed only for an account of rents and profits which accrued between the death of the husband and the assignment of dower.
It is then obvious that previous to the passage of the stat *497 ute of Merton a dowress had no remedy whatever for the recovery of the mesne profits of her estate, which had accrued from the death of her husband to the time of the assignment of her dower, that after the passage of that statute, they could only be recovered as damages in a writ of dower, or a bill in equity filed for the purpose of having her dower assigned, neither of which could be prosecuted against any person but the tenant to the freehold, and that no separate action can be brought for their recovery against him, much more can it not be brought against a tenant, having only a chattel interest in the estate, against whom a dowress has no cause of action whatever except for rents which accrue after the dower has been assigned'»
We next proceed to enquire what changes have been made relative to this subject by the statute laws of this State. There are but two; one in relation to the estates of which she shall be endowed, and the other in relation to the remedy to be pursued for the recovery. By the act of 1784, c 22, § 8, widows, instead of being entitled as they were at common law to dower in one-third part of all the lands of which their husbands were seized during coverture, are only thus entitled in the lands of which they die seized or possessed. And by the act of 1784, c 2, § 9, they are authorised to file a petition in the circuit court or county court of the county where their husbands shall have usually dwelt before their deiith, the proceedings upon which shall be in a summary manner, and be heard and determined at the first term of the court, provided the party petitioning shall have given ten days previous notice to the heirs and executors or administrators of her deceased husband. This statute further provides, that a jury of twelve men shall be summoned by the sheriff, who shall allot and set off to the widow her dower, but makes no provision for the recovery of the mesne profits, from which it is argued, that inasmuch as the common law mode of proceeding by a writ of dower is obsolete, and as-the statute has only authorised the court to empannel a jury to allot and set off the dower, and has not given it the power to assess the damages given by the statute of Merton, the widow is left without remedy unless she can maintain an action of assump-sit for their recovery.
*498 We ¿0 no(; assent t0 this reasoning, in the passage of this s“aiute ^ere was no intention to alter the relative rights of the dowress, and the heir or devisee, or to establish new relations between her and the tenant of the estate, but only to substitute the more simple and expeditious remedy by petition, in the place of the more tedious and complicated one by writ of dower or bill in equity. And for us to say that because the statute has specified the mode by which the dower shall be allotted and set apart, that the court has not power ta do more, would be productive of the worst consequences, and destroy the remedy by petition, it frequently happens that the right of dower is disputed; when this is the case, how is the question to be settled? The statute makes no provision for it, does it therefore follow that it cannot be determined? Surely not. We have seen that the heir at law is to have ten days notice of the proceedings, for what purpose, but to protect ■his estate against the claims of those who have no right, and' to see that the dower is set apart in a fair and equitable manner? IÍ then the right may be controverted, how is it to be settled? not by the court, for no such power is given in the statute. And we have seen that where the right is disputed in chancery, the question must be sent to law to be tried by a jury and in proceedings by a writ of dower, the right, if disputed, is always submitted to a jury; and so it must be under our statute, authorising a proceeding by petition, or either the court must usurp the province of the jury, which is illegal, or the tenant to th© freehold is left without the power of protecting the estate from false and unfounded claims.
If then the court must of necessity have the power under the statute to empannel a jury to try the question of right, why shall it not also have the power to empannel a jury to assess the damages given by the statute of Morton. Justice to the widow makes it necessary to do the one, as does justice to the heir or devisee to do the other. We have seen that the statute of Merton specified no particular method of ascertaining the damages, and that the courts established the practice of doing so by a writ of enquiry, unless they were admitted by the defendant, or ascertained by the jury who tried the action, and so it must he under our statute- If the right is di&
*499 puted, the jury empannelled to try the issue may assess the damages, but if the right be not disputed and the damages are not admitted, they must be assessed upon a writ of enqui-ry, and if this be neglected and a final judgment be given by the court upon the petition, the widow forever loses her damages in the same manner as if she had received from the tenant of the freehold an assignment of her dower, without her dam-ges, or had permitted a judgment final in a writ of right of dower, without haring them assessed by a -jury.
But if all this were not so, and the argument that a separate action is given could be sustained, it is clear that it must be brought against the tenant to the freehold, whose duty it is to set apart the dower estate, and not against a tenant for years, who has no privity either of estate or contract with the widow, until her dower is assigned. For these reasons the judgment of the court upon this case agreed, must be for the defendant.
Judgment accordingly.