### SHAW, WIDOW, *against* WHITE.

DOWER for lands, in *Granville*, in *Washington* county. The husband of the demandant, being seised in fee of about 2,000 acres of land in *G.*, sold and conveyed them, in fee, in 1765, to *John Lake*, under whom the defendant acquired a regular title in fee. The husband died within two years after the deed to *Lake*, leaving the demandant, his widow. At the time

*The widow is entitled to dower in lands aliened by the husband during the coverture, to one third of the value of the lands at the time of alienation.*

of the conveyance the premises were new lands, and unimproved; but have been since highly improved and cultivated by the defendant.

The questions raised for the consideration of the court, and submitted on the case, without argument, were; 1. Whether, and what, the demandant is entitled to recover? 2. How the recovery is to be regulated in relation to the improved value of the premises?

*Per Curiam.* The rule by which the recovery, in this case, is to be regulated, will be found laid down in the cases of *Humphrey* v. *Phinny*, (2 *Johns. Rep.* 484,) and *Dorchester* v. *Coventry*, (11 *Johns. Rep.* 512.) The case is rather obscure as to the precise question submitted to the court. There can be no doubt the demandant is entitled to recover; and, under the statute relative to such cases, (1 *N. R. L.* 60,,) that recovery must be one third of the premises, in value, as at the time of the conveyance by the husband. The widow does not have the benefit of the improvements, or of the increased value or appreciation of the land. The value, as is suggested by the court, in *Humphrey* v. *Phinny*, must be ascertained, either by the sheriff on the writ of seisin, or by a writ of inquiry, founded on proper suggestions. The demandant must, accordingly, have judgment for one third of the premises, in value, as they were at the time of the alienation by her husband.

Judgment accordingly.