1828.

Russell
v.
Austin.

---

RUSSELL *v.* AUSTIN.

Where a mortgage has been executed by the husband and wife, she can only be endowed of the equity of redemption.

Where the owner of the legal estates takes an assignment of an outstanding mortgage, there will be no merger of the mortgage unless the owner of the legal estate so intended when he purchased the mortgage.

If the owner of the legal estate purchases in a mortgage executed by both husband and wife, with the intention of protecting himself against the claim of dower to the extent of that incumbrance, the widow can only be endowed of the equity of redemption, and she is bound to contribute her share towards the payment of the mortgage.

A defendant continues seized of his real estate sold under a judgment and execution, until the time for redemption expires; and where he dies before the time for redemption expires, his widow will be entitled to arrears of dower.

Arrears of dower against the purchaser of the premises in which dower is claimed, can only be recovered from the time of the purchase.

Where there is an outstanding mortgage upon the premises, the arrears of dower will be computed by deducting from one-third of the rents and profits, over and above the necessary repairs, taxes, &c., one-third of the interest on the amount due on the mortgage at the time the defendant acquired title to the premises.

If a widow makes application for her dower before she files her bill, and it is refused, she will be entitled to costs: but where she neglected to make such application, and in her bill alleged that an outstanding mortgage was paid off, and insisted upon her right to be endowed of the whole premises, *and claimed arrears previous to the purchase of the defendant, and the decree was against her upon all these points, no costs were allowed to either party.

[*193]

Sept. 10th.

ON the 20th of February, 1822, John Russell, the husband of the complainant, was seized in fee of a house and lot in the city of Albany; and being so seized, he, together

with the complainant, executed a mortgage thereon to the commissioners of the city stock to secure the payment of $1,000 and interest. On the 26th of February, 1823, Spencer and Corning obtained a judgment against Russell in the Supreme Court, and issued an execution thereon; by virtue of which, the premises were sold to Corning on the 20th of December, 1823, for $600, and he received a certificate of such purchase from the sheriff. Russell died in possession of the premises on the 2d of December thereafter. At the expiration of the fifteen months allowed for redemption, Corning received a conveyance from the sheriff; and on the 28th of April, 1825, he also obtained an assignment of the bond and mortgage given to the commissioners of the city stock. The complainant continued in possession until the 1st of May, 1825, when Corning took possession. On the 4th of March, 1826, he conveyed the premises by quit claim deed to the defendant, and at the same time assigned to him the bond and mortgage. On the 29th of June, 1827, the complainant filed her bill in this court, claiming dower in the whole premises, and the arrears thereof from the time she left the possession. The defendant having answered the bill, the cause was brought to hearing on pleadings and proofs.

*J. King* for complainant:—The principal question is, whether the complainant is entitled to dower in the whole estate, or only in the equity of redemption. The assignment of the bond and mortgage by the commissioners of the city stock to Corning, he at the time having the legal title to the premises, operated as an extinguishment of the mortgage. It became merged in the legal estate. Wherever the legal and equitable estate unite in the same person, the latter becomes merged in the former. (*James v. Morey*, 2 Cowen's Rep. 300; *Tice v. Annin*, 2 John. Ch. Rep. 125; *Gardner v. Astor*, 3 John. Ch. Rep. 53; *Mills v. Comstock*, 5 John. Ch. Rep. 214; *Starr v. Ellis*, 6 John. Ch. Rep. 393; *Swain v. Perine*, 5 John. Ch. Rep. 482.) The complainant

[*194]

1828.

Russell
v.
Austin.

is entitled to the costs of this suit. The defendant in his answer denied the coverture alleged in the bill, and the complainant was compelled to take proof to establish it.

*J. I. Ostrander* for the defendant:—Whether by taking an assignment of an outstanding title there shall be a merger of such title in a prior estate, depends upon the intention of the person who takes the assignment. (*Swain* v. *Perine,* 5 John. Ch. Rep. 482 ; *Tabele* v. *Tabele and others,* 1 John. Ch. Rep. 45 ; *Titus* v. *Neilson,* 5 John. Ch. Rep. 452; *Starr* v. *Ellis,* 6 John. Ch. Rep. 393 ; *James* v. *Johnson & Morey,* 6 John. Ch. Rep. 417 ; *James* v. *Morey,* 2 Cowen's Rep. 300 ; *Jackson, ex dem Bruyn* v. *Dewitt,* 6 Cowen's Rep. 316 ; *Coates* v. *Cheever,* 1 Cowen's Rep. 460.) In this case, Corning purchased the outstanding mortgage for the express purpose of protecting himself against the complainant's right of dower. The complainant is not entitled to arrears of dower, her husband not having died seized, the equity of redemption having been sold upon an execution previous to his death. (1 Hop. R. 88.) The complainant is not entitled to costs, not having demanded her dower previous to the commencement of the suit. (*Hale* v. *James,* 6 John. Ch. Rep. 258 ; *Swain* v. *Perine,* 5 John. Ch. Rep. 482 ; Mit. Pl. 111.

THE CHANCELLOR :—There is no doubt of the complainant's right to be endowed of the premises which formerly belonged to her husband. She claims the one-third of the premises as her dower, and the arrears which have heretofore accrued, together with the costs of this suit ; but the defendant insists she is only entitled to dower in the equity of redemption, and that she has no claim, either for the arrears or for costs.

In the case of *Coates* v. *Cheever* (1 Cowen's R. 460,) the Supreme Court decided that the widow was entitled to dower, as well in that half of the premises against which Cheever had purchased an outstanding mortgage, as in the

other half *on which there was no incumbrance. Although the court in that case speak of the incumbrance being merged in the estate which existed in Cheever at the time of the assignment, they could not have intended to overturn the doctrine, which had before been established in this court, that the widow must contribute her share towards paying off the incumbrance. That was an appeal from the decision of a surrogate, in a proceeding to admeasure dower under the statute. The question of equitable contribution could not arise under those proceedings in a court of law. The only question before the court was, whether she was entitled to dower in that half of the property. And Cheever would still have been at liberty, notwithstanding that decision, to have applied to this court to compel contribution. There was no merger of the mortgage in this case by the assignment to Corning, or by the assignment from Corning to the defendant. In the case of *James* v. *Morey*, (2 Cowen's Rep. 246,) the Court of Errors decided that the question of merger depended on the intention of the person who took the assignment of an outstanding title or estate, provided he had any interest in keeping up the incumbrance, and preventing a merger thereof in his prior estate. At the time of the assignment of the mortgage, in this case, the husband was dead and the wife's right of dower in the premises had become complete. The mortgage was purchased in and assigned, instead of being paid off, under the advice of counsel; and for the avowed object of protecting the assignee against the claim of dower, to the extent of that incumbrance. There can, therefore, be no pretence that the mortgage interest was merged by the assignment to Corning, or by the sale and assignment to the defendant, when it was still kept on foot for the same purpose. The widow is only entitled to dower in the equity of redemption, and must contribute her share towards the payment of the mortgage.

In this case the husband died seized of the premises, and

1828.

Russell
v.
Austin.

1828.

Russell
v.
Austin.

she is entitled to the arrears of her dower. Although the land had been sold by the sheriff, the time within which the husband was entitled to redeem had not expired at his death. The sale by the sheriff changed the general lien of *the judgment to a specific lien in favor of the purchaser, to the amount of the purchase-money and interest; and until the time of redemption expired, the estate of the purchaser was in the nature of a mortgage, and the seizin of the husband was not divested. But the widow is not entitled to recover against the defendant any arrears which accrued previous to his purchase of the premises. The arrears from that time must be ascertained by computing the amount due on the bond and mortgage at the time of the defendant's purchase, and then deducting one-third of the interest on that amount from one-third of the rents and profits of the property, over and above the necessary repairs, taxes, &c. And this will also form an equitable rule by which the parties may settle an annuity to be paid to the complainant, hereafter, in lieu of her dower. If the parties cannot agree upon an annuity, the complainant will be entitled to be endowed of one entire third of the premises, on her keeping down one-third of the interest on the amount due as aforesaid, or by paying a sum in gross in proportion to the value of her life estate in the premises.

The question of costs in this as in other cases in Chancery, depends upon the exercise of the sound discretion of the court. If the complainant had made application to the defendant to assign her dower in the premises, or to pay her an equivalent therefor, and he had refused such reasonable request, I should have considered her entitled to the costs of this suit. But it appears by the answer that she never applied to him for her dower; and the first notice he had that she intended to make such a claim was by her bill, in which she alleged that the mortgage had been paid off, and insisted upon her right to be endowed of the whole premises, and claimed the arrears as well before as after his pur-

chase. The defendant has been compelled to resist this
unfounded claim, and I think it a proper case for each
party to bear their own costs.