The Chancellor..
The bill is filed by the complainant to' recover dower in a house and lot in the city of Paterson, to which she claims title as the widow of William Chiswell, deceased. The premises were conveyed to Chiswell, on the fifteenth of April, 1839, subject -to a mortgage of $500, given by O’Donnell, a former owner, in 1832. On the first of May, 1841, the equity of redemption was sold by virtue of an execution issued upon a judgment at law against Chis-well. The purchaser at the sheriff’s sale paid the mortgage debt, received the bond and mortgage without assignment, and transferred them with the title, which was subsequently vested in Morris, the defendant, on the 10th of January, 1844. Chiswell died on the 19th of January, 1856.
*103 The equitable rights of the parties are very clear. When Chiswell purchased the premises they were subject to a mortgage of $500. While he continued seized of the premises, and at the time when his equity of redemption was sold by the sheriff, that mortgage remained unsatisfied. His own estate, as well as the dower right of his wife, was subject to that encumbrance.
If the purchaser of the equity of redemption had taken an assignment of the bond and mortgage, and thus become clothed with the rights of the mortgagee, and seized of his estate, it would have constituted a valid defence to an action of dower at law. Woodhull v. Reid, 1 Harr. 128; Thompson v. Boyd, 1 Zab. 58, 2 Zab. 543; Van Dyne v. Thayre, 19 Wend. 162.
Though the widow is entitled to dower in the mortgage premises, she must take, as the heir and purchaser take, subject to the mortgage debt. Montgomery v. Bruere, 1 South. 283; Titus v. Nelson, 5 Johns. Ch. R. 456.
At law, therefore, she cannot enforce her claim of dower against the mortgagee or his assignees. But in equity she may redeem pro tanto, and may thus recover her dower upon the payment of such portion of the encumbrance, or subject to such deduction on account of the encumbrance as is equitable and just. Hartshorne v. Hartshorne, 1 Green’s Ch. R. 356; Russell v. Austin, 1 Paige 193; Van Dyne v. Thayre, 19 Wend. 162; Bell v. The Mayor of New York, 10 Paige 68; Carll v. Buttman, 7 Greenl. 102; Swaine v. Perine, 5 Johns. Ch. R. 482; Gibson v. Crehore, 3 Pick. 475.
This case would bo free from embarrassment, and fall directly within the principle of the foregoing authorities, if the mortgage had been assigned to the defendant, and was subsisting in his hands as a muniment of title. But the difficulty is created by the fact, that the purchaser of the equity of redemption, on the payment of the mortgage debt, cancelled the mortgage, and caused it to be cancelled of record, thus manifesting an intention to extinguish the mori *104 gage, and not to rely for protection upon the title of the mortgagee.
He has thus deprived himself of all defence at law against the claim for dower. Hitchcock v. Harrington, 6 Johns. R. 290; Collins v. Torrey, 7 Johns. R. 278; Woodhull v. Reid, 1 Harr. 129; 4 Kent’s Com. 45.
But has he in equity relieved the dower from the encumbrance of the mortgage debt ? The debt was not paid during the continuance of the husband’s estate in the mortgaged premises. It was not paid by the husband, or any one acting in his behalf, or by his legal representative. It was paid by the owner of the equity of redemption. It is true that the estate in his hands was charged with that debt; but he was not personally liable for the debt as mortgagor or debtor. Nor was he bound to pay the debt in aid of the estate of the mortgagor, or of any interest that the wife of the mortgagor had therein. Hartshorne v. Hartshorne, 1 Green's Ch. R. 358.
If the complainant had recovered dower, as she might have done, against the owner of the equity of redemption, while the mortgage was outstanding in the hands of a third person, she would have taken her dower subject to the mortgage, and liable for its ratable proportion of the mortgage debt. If the mortgage had been foreclosed, and the premises sold, she would have received from the proceeds of the sale only the value of her dower after satisfying the encumbrance. Nor could the complainant have escaped the encumbrance of the debt upon her estate except by redeeming pro tanto.
On the other hand, the owner of the equity of redemption was required, for the protection of his estate, to pay the debt or submit to a foreclosure and sale. His voluntary payment of the debt for the protection of his estate ought not in equity to prejudice his interests or enure to the benefit of the mortgagors whose estate he holds.
In PopKin v. Bumstead, 8 Mass. 491, where the purchaser of the equity of redemption, after the death of the mortgagor, paid the money due on the mortgage, and the *105 mortgagee acknowledged tlie discharge on the record, it vías held that the -widow of the mortgagor was barred of her dower. The court say “ it would bo singular, if when the tenant had paid the money due on the mortgage, and supposed that he had thus perfected his estate by extinguishing the only encumbrance he knew to exist upon it, he should by that act revive the claim of the demandant, -which she had before solemnly renounced under her hand and seal, and wdiich, as lie was under no obligation, it cannot be presumed he meant to do.”
The wife can only avoid the effect of a mortgage, and bo restored to her right of dower in one of two modes: First, when the debt shall be paid and satisfied by the husband, or by some person acting in his behalf and in his right, so that the mortgage is extinguished, by means of which the whole object and purpose of giving it is accomplished; Second, by a redemption pro tanto by payment of an equitable proportion of the mortgage debt. Brown v. Latham, 3 Cush. 551.
At common law, where the land is aliened in the lifetime of the husband, dower is recoverable only to the value of the land at the time of the alienation. The doweress takes no benefit from improvements made by the alienee; she takes the interest as it stood at the time of the alienation. Vandorn v. Vandorn, Benn. 698; Coxe v. Higbee, 6 Halst. 396; Humphrey v. Phinney, 2 Johns, R. 484.
So in equity she ought to take her estate subject to the encumbrances subsisting upon it at tlie time of the alienation, and should derive no advantage from the satisfaction of such encumbrances by the alienee to his prejudice.
The husband did not die seized of the estate. The widow is therefore entitled to dower only from the time of demand, or if no demand be made, from the time of filing the bill.
The value of the complainant’s interest will be ascertained by deducting from the present value of her life estate in the premises her proportionate share of the debt. The present value of the life estate is to be ascertained upon the principles- of life annuities, to be calculated upon the basis of the *106 table prescribed by tbe rules of this court. Her proportionate share of the debt will bear the same proportion to the entire debt that the present value of her life estate bears to the entire estate. See Russell v. Austin, 1 Paige 193; Bell v. Mayor of New York, 10 Paige 72; Carll v. Buttman, 7 Greenl. 102.
If the present value of the land, irrespective of improvements made by the alienee, can be agreed upon by counsel, or ascertained from the evidence already taken, the value of the complainant’s interest may readily be computed; otherwise there must be a reference to a master to ascertain and report the value of the land and the present value of the complainant’s dower, deducting its proportionate share of the encumbrance.