HENRY C. LEAVENWORTH and others, ex'rs of Patrick Cooney, and MARY McKEEVER, *vs.* CATHARINE COONEY.

A testator having executed his bond to pay a debt secured by his mortgage upon his real estate, which was also signed by the defendant, (his widow,) devised all his real and personal estate to his executors with directions to sell the same, and *after paying his debts and incumbrances,* to invest a portion of the residue for the benefit of his widow, in lieu of dower. The widow having elected to take dower instead of the provision made, for her in the will; *Held* that she took dower only in the equity of redemption, and was liable to contribution towards the payment of the mortgage debt.

*It seems,* however, that if the testator had not been personally liable to pay the mortgage debt, his direction that the same should be paid by his executors out of the proceeds of his real and personal property, would be strong, if not conclusive evidence of his intention to relieve the dower interest of his widow from the burden of contribution.

CASE agreed upon between the parties, and submitted under section 372 of the Code of Procedure.

*Patrick Cooney,* late of Syracuse, died March 4th, 1863, leaving a will which is sufficiently set out in the opinion of the court, and leaving a widow and several children his heirs at law. He left real estate of the estimated value of over $30,000, which was subject to several mortgages, to the amount of $10,300. These mortgages were all executed by the defendant, except one, which was given for the purchase money.

The widow elected to take dower instead of the provision made for her in the will, and the same has been assigned to her.

The question between her and the residuary legatee is, whether she takes dower subject to the mortgages, or whether the mortgages shall be discharged by the executors, and deducted from the residuary devise.

*D. Pratt*, for the plaintiff.

*James Noxon*, for the defendant.

MORGAN, J. The question presented is, whether under the provisions of the will, the widow of Patrick Cooney, having elected to take her dower in the real estate of the testator, instead of the legacy bequeathed to her in lieu of dower, takes the same free from the incumbrances of the several mortgages executed by her husband in his lifetime, and in which she joined; or whether she must bear her share in the burden of paying them off.

The will devises all the real and personal estate of the testator to his executors, in trust, substantially as follows : *First.* To sell the same whenever they deem proper, and a fair price can be obtained. *Secondly.* Out of the proceeds, after paying debts and expenses of execution of the will, and *after paying all incumbrances on such real estate,* the executors are directed to invest the sum of $5000, and pay over the interest thereof semi-annually to his widow and two children, Daniel and Ellen Cooney, share and share alike. And upon the death of the widow, the principal to be paid over to the two children, share and share alike. The foregoing provision for the widow and children was declared to be made and intended in lieu of dower of his widow in his property. If his widow should demand dower, then the testator directed the five thousand dollars to be paid to the residuary legatee, Mary McKeever, to whom the residue was bequeathed.

It is claimed by the defendant's counsel that the executors are required by the will to sell, subject to the dower of the

widow, she having demanded it, and also to pay off the incumbrances.

It is evident that the sale contemplated by the testator included the dower interest of his widow in the real estate ; but by reason of the election of the widow to take dower instead of the legacy, the executors cannot carry out his intentions in that respect.

It seems, however, to be conceded that the executors have a right to sell the real estate, subject to the dower right of the widow, in which event they are required to pay the debts, including the incumbrances on the real estate.

Having, therefore, made a provision to create a fund to pay off the incumbrances, it is claimed by the defendant's counsel that the widow is entitled to have the same applied in exoneration of what would otherwise be a charge upon her dower interest. But it is clear that the executors, without any such directions, might be called upon by the owners of the mortgages to discharge the mortgage debts, provided they held the bond or other personal obligation of the testator for their payment. It does not affirmatively appear by the statement of facts in this case, that the testator gave his bond for the debts included in the mortgages. If that fact is material it should appear in the case.

It may be well supposed that the testator did not fully understand the effect of the provision he was making in case his widow should decline to accept it in lieu of dower. But if he had given his bond for the payment of the mortgage debts, as I apprehend was the fact, then it is clear that his executors were liable to the owners of the mortgages without any directions to pay them. And upon payment, the executors could call upon the widow for contribution, unless it appears to have been the intention of the testator to relieve her dower estate from the charge.

Although, as a general rule, the land is the primary fund for the payment of the mortgage debt, as between the widow claiming dower therein and the executors, still I am of the

Leavenworth *v.* Cooney.

opinion that a simple direction of the testator to his executors to pay the mortgage debt out of the avails of his estate, does not imply that it is to be paid in exoneration of the heirs at law, or of the widow claiming dower in the mortgaged premises. If, however, the testator is not personally liable for the debt, a different result might ensue. For why should the testator direct his executors to pay off a mortgage debt out of his estate, when he was not personally liable to the mortgagee, unless he intended it as a gift to the heirs at law or to the widow claiming dower in the mortgaged premises ?

Without doubt, the defendant in this case is liable to pay off her proportion of the incumbrances, unless the will has made provision for its payment out of the avails of the sale of his estate, so as to exonerate her dower interest from contribution. There is nothing in the language of the will which manifests any such intention on the part of the testator, unless it is implied in the directions given to his executors to pay off incumbrances. At law she can only claim dower in the equity of redemption ; but the testator may by bequest enlarge her estate. His intention to do so should, however, be plainly deducible from the language of the will, before we come to the conclusion that such was his intention.

My own conclusion is, that if the testator was personally liable for the payment of the mortgage debts, his direction to his executors to pay them out of his estate, cannot be construed into a gift of so much thereof as was properly chargeable upon the widow in respect to her dower in the mortgaged property.

If, however, the testator was not personally liable to pay off the mortgages, his direction to his executors to pay them out of his estate would be strong evidence of his intention to relieve the dower interest of his widow from the burden of contribution ; and unless capable of some other explanation, would be satisfactory evidence that such was his intention.

If my brethren agree with me in these views, I think we

should retain the case, in order to give the parties an opportunity to correct the statement of facts, so that we can properly decide it.

(At a subsequent day, the parties submitted an amendment.)

The parties having, by stipulation, amended the statement of facts, by which it appears that the testator executed his bonds at the same time of the execution of the mortgages, to pay the amounts secured by the mortgages, it results from the foregoing opinion, that his widow is chargeable with her proportion of the burden of paying them off. That is, she must contribute towards such payment a sum which will be equal to the value of an annuity for the residue of her life, upon the amount of the principal and interest which was unpaid when her estate in dower commenced by the death of her husband. (10 *Paige,* 159.)

MULLIN and BACON, JJ. concurred.

FOSTER, J. dissented.

[ONONDAGA GENERAL TERM, April 4, 1865. *Morgan, Bacon, Foster* and *Mullin,* Justices.]