# SUPREME COURT.

PHEBE MARBLE, respondent, agt. JOHN LEWIS, appellant.

In an action for the recovery of *dower*, and *damages* for the rents and profits; where the whole premises were aliened during the lifetime of the husband, the damages can be recovered only from the time dower was *demanded*, not from the death of the husband.

To warrant the *reversal* of a judgment *error must affirmatively appear*, uncertainty is not sufficient.

Where lands are alienated during coverture by the husband, his widow is entitled to be endowed of such lands amounting to one-third of the value thereof at the time of such alienation.

In case of alienation, the value of the dower should be ascertained at the trial in the following manner, to wit: Ascertain when the premises were alienated, and in case the value of the premises is greater at the time of trial than at the time of alienation, from causes other than improvements made subsequent to such alienation, to ascertain the value at the time of alienation, and judgment should provide for admeasurement according to such value.

The value can be more satisfactorily determined upon the trial than by the commissioners. But the question of *improvements* are to be determined by the commissioners.

A judgment for the unqualified recovery of one-third of the land is not warranted in such a case.

*General Term, September,* 1867.

*Before* DANIELS, *P. J.;* MARVIN *and* DAVIES, *J.J.*

THIS action was commenced on the 29th day of August, 1862, to recover dower in the premises described in the complaint, and damages for withholding the same.

It is admitted that the plaintiff's husband was seized of said lands during coverture, and that she demanded her dower before the commencement of this action. And it is also admitted that on the 14th day of February, 1842, a judgment in the supreme court of this state, was duly given against Sidney Marble, the plaintiff's husband, by virtue of which said lands were sold and the title in him divested in 1843, and that the defendant is and was at the time of the demand of dower and the commencement of this action, in

possession of said premises by virtue of the title thus acquired; and it is further admitted that neither said Sidney Marble nor the plaintiff have been in possession of, or exercised any control over said premises since the sale and alienation by virtue of said judgment, and that said Sidney Marble died•in 1861.

Upon these admitted facts his Honor Judge MARVIN decided, that the plaintiff was etitled to judgment *"for one third part of the lands described in the complaint, and thirteen dollars damages for detention or mesne profits."* These conclusions of law the appellant claims to be erroneous.

VANDERLIP & SMITH, *attorneys, and*
J. W. SMITH, *counsel for defendant, appellant.*

I. A widow is entitled to dower in lands aliened by her husband in his life-time to *one-third part of the value thereof at the time when the title passed from the husband, and no more.* (*See Humphrey* agt. *Phinney,* 2 *John.* 484; *Dorchester* agt. *Coventry,* 11 *Id.* 510; *Shaw* agt. *White,* 13 *Id.* 179; *Dolf* agt. *Bassett,* 15 *Id.* 21; *Walker* agt. *Schuyler,* 10 *Wend.* 481.)

2. The learned judge who tried this cause must have come to his conclusions upon the basis that the widow is entitled to dower according to the increased value of the lands exclusive of improvements. This is negatived and held to the contrary in all of the cases above cited, and in the case of *Walker* agt. *Schuyler* (decided after the adoption of the R. S. and after reviewing all of the previous cases), it is expressly declared that *" she is entitled to so much as shall be equal in value to one-third of the value of the lands at the time of alienation, and no more."*

3. It is admitted in the case and found as a fact by the court, that the premises are more valuable than they were at the time of alienation. All of the cases before cited, hold that the value may be ascertained either by the court or jury who try the cause, by writ of inquiry, or by the commissioners

Marble agt. Lewis.

appointed to make the admeasurement, and in this case the judgment should have been for one-third of the value of the premises in question at the time of alienation, (to wit: the 18th day of November, 1843), to be ascertained by the commissioners, *and not for one-third part of the land.*

II. A widow is not entitled in an action for her dower to damages or mesne profits, where her husband does hot die seized of the premises. (*See Hitchcock* agt. *Harrington,* 6 *John.* 290; *Jackson* agt. *O'Donaghy,* 7 *Id.* 247; *Johnson* agt. *Thomas,* 2 *Paige,* 337; *R. S. Vol. III., p.* 33, §§ 19 *and* 20, *5th ed.*)

· If the action is against the heir then she can recover damages from the death of her husband. If against a purchaser only from the date of demand of dower. But in no case can *she recover damages at all unless the husband died seized.* In this case it is *admitted* that the husband was not seized at the time of his death, nor had he been since 1843. ·

III. Costs should only have been allowed to the plaintiff up to the time the defendant served his offer of judgment, and not for the full costs in the action, (*See Code,* § 385.) It will appear from this offer that the precise judgment to which the plaintiff is entitled by law was tendered to the plaintiff and rejected.

The learned justice in his opinion, says: " I think defendant's counsel substantially correct touching the rights of the parties, but the offer was too restricted, &c. Granting this to be so, it certainly affords no reason why the defendant should be beaten upon the merits of the case, inasmuch as the offer was not intended to affect anything but the question of costs.

Again the learned judge says,. " the question as to the quantity of land could not be raised on this trial, but will be proper for the commissioners."

With all due deference it is submitted that this question could and should have been not only *raised as it was,* but determined by the court on the trial. If his honor had found

Marble agt. Lewis.

as proposed by the defendant the value of the land at the time of the offer or trial, and at the time of the alienation, then there would have remained but a simple arithmetical question as to whether the offer was sufficient, even if it is to be restricted and confined by the surplus words contained in brackets in said offer (viz: five and one-fourth acres). But his honor held upon the trial as he does in his opinion. We therefore submit that the judgement should have been for costs up to the time of the offer, and if the commissioners find five and one-fourth acres at its present value equal to one-third of the value at the time of alienation, then that the defendant is entitled to costs after the offer.

IV. The learned justice seems to suppose that the rights of the defendant will be protected by reason of the reference in his decision to the "statute in such case made and provided," by which the commissioners are to be governed.

This clearly is not so.    The statute (*see vol*. 3, *p*. 792, §
13, *5th ed. R. S.*), simply provides that the commissioners shall take into view any permanent improvements, &c., and if practicable to award such improvements within the past not allotted to such widow, and if not practicable, then to make a deduction proportionate to the benefit she will derive from such improvements.    This practically will be of no benefit to the defendant for the reason that the increased value of the land arises almost entirely from extrinsic circumstances and the natural rise in the value of the land where this is located, and not from permanent improvements made therein, and the defendant and not the plaintiff is entitied to the benefit of this enhanced value.    (*See cases before cited.*) By carrying out the judgment in this case in pursuance of the statute referred to, it cannot fail to appear that the plaintiff will get the entire benefit of the increased value of the land from its natural rise, to which by the law she is not entitled.

BEMIS & STEVENS, *for plaintiff, respondent.*

J. H. STEVENS, *of counsel.*

The plaintiff married Sidney Marble in June, 1833. He died in February 1861, having been seized in fee of the lands in question during coverture. The plaintiff demanded her dower, which was refused, and then brought her action on the 29th day of August, 1862. These facts entitled the plaintiff to recover judgment for the one undivided third part of the lands described in the complaint, to be admeasured without specifying the number of acres in the judgment. (1 *Rev. Stat.* 740, § 1.)

I. The one-third of the value of the mesne profits of the lands from the time the plaintiff demanded her dower, was $13. This evidence was properly received. The defendant comes within the meaning of the expression "other persons," in section 20, 1 Revised Statutes 742. The plaintiff recovers damages from this class of persons from the time of "demanding her dower," "and in all cases to be estimated to the time of recovering judgment." (*Id.*)

II. The plaintiff was entitled to recover a more favorable judgment than the one offered. The offer was too restricted in offering, 5¼ acres only, and that too without specifying what portion of the 50 37-100 acres, whether of cultivated or uncultivated lands. The plaintiff was entitled to recover the one "third part," leaving the particular part to be selected and determined by the commissioners appointed for that purpose under the direction of the court, after the judgment determining the right to recover. The plaintiff could not with any safety accept the offer, as she would have been limited to 5¼ acres. The number of acres may depend upon the land which the commissioners might set apart. Hence it is claimed that the plaintiff is entitled to costs. (10 *Wend.* 480, 3 *Barb.* 23–4, 2 *Rev. Stat.* 490, § 13.)

It is submitted that the judgment should be affirmed.

GROVER, J. The court upon trial had nothing to do with

the offer of judgment served by defendant upon plaintiff, that offer only affects the question of costs, which question as thus affected, did not arise until the rights of the parties had been determined, and it appeared from such determination that the defendant was entitled to costs subsequent to the offer (*Code*, § 385).

These offers are not evidence upon the trial. The offer appears as part of the evidence given upon the trial, and from the opinion of the judge its effect appears to have been determined by him; I think that determination correct. The offer was too indefinite a foundation for a judgment; a judgment for the recovery of five and a half acres of the land claimed without further discription, would have been void for uncertainty; nothing could have been delivered to the plaintiff upon the execution issued upon such a judgment. The same remark applies to the offer so far as the damages are concerned. It should have been for a sum certain so that if accepted judgment for the amount could have been at once entered.

From the finding of facts by the judge, it would appear that the offer was for a sum certain, viz.: eight dollars, but from the offer found in the case it was for the rents and profits of the five and a half acres from the death of the husband. The case leaves it uncertain whether damages were awarded to the plaintiff from the death of the husband, or from the time dower was demanded by the plaintiff. If the former it was error. If the latter it was correct. The land of which dower was sought to be recovered was alienated by the plaintiff in eighteen hundred and forty-three, long before his death; and in case of alienation by the husband in his lifetime, damages can only be recovered from the time of a demand of dower. The defendant's counsel insists that in such case no damages at all can be recovered; but the statute expressly gives damages from the demand (3 *R. S.* 33, § 20). From the printed portion of the case it would appear that the damages were computed from the death, but from the words

added in writing, the computation may have been from the demand of dower only; to warrant a reversal of the judgment error must affirmatively appear; uncertainty is not sufficient. The more material question in the case is, whether the judgment is correct in awarding the plaintiff, one-third of the lands described in the complaint, or whether it should have provided for the recovery of land equivalent in value to one-third of the value of the land, as such value was at the time of the alienation by the husband in eighteen hundred and forty-three? The rule appears to be settled in this state that when lands are alienated during coverture by the husband, his widow is entitled to be endowed of such lands amounting to one-third of the value at the time of alienation. Such was the rule before the Revised Statutes (*Shaw* agt. *White,* 13 *John.* 177 ; *Dorchester* agt. *Coventry,* 11 *Id.* 509 ; *Humphrey* agt. *Phinney,* 2 *Id.* 484). This rule was not changed by the revision (*Walker* agt. *Schuyler,* 10 *Wend.* 481). The question is whether in such a case, in an action for the recovery of dower, the plaintiff is entitled to judgment for the money of one-third of the land or whether the judgment should be for the recovery of land of the value of one-third of the value of the whole at the time of the alienation, and whether the judgment should settle the value at the time of alienation and consequently the value to be recovered? It is insisted by the plaintiff that although the rule may be as stated, yet the former is the judgment to be given, and that the commissioners to admeasure dower are to settle the question of the value at the time of alienation and consequently the value of the land to be admeasured. I am not aware that this precise question has been settled by any adjudication. The cases above cited from *Johnson* tend to show that in the former action of dower previous to the Revised Statutes the extent of the widow's right of recovery in case of alienation by the husband during his life, was to be ascertained upon trial and fixed by the judgment, otherwise the pleas demurred to were improper and should have been

overruled. The case in the tenth of *Wendell* tends to show that in the action of ejectment for the recovery of dower given by the Revised Statutes, as a substitute for the former action, the extent of the widow's right was not fixed by the judgment, but was ascertained by the admeasurement of the dower after judgment in the ejectment suit. The point does not appear to have been presented to the court in any form, but the case shows that the court set aside the report of the commissioners, because they were not guided in the admeasurement by the value at the time of alienation, but adopted the value at the time of the death. The point has not been decided under the Code. I think the correct practice in case of alienation would be, to ascertain upon trial when the premises were alienated, and in case the value of the premises were greater at the time of trial than at the time of alienation from causes other than improvements made subsequent to such alienation upon the premises, to ascertain the value at the time of alienation, and that the judgment should provide for admeasurement according to such value. The value can be more satisfactorily determined upon trial than by the commissioners. There is no way that the latter can ascertain such value except from the testimony of witnesses, and the statute has not in terms conferred any such power upon the commissioners. It does provide that when improvements have been made, such improvements if practicable shall be given to the owner of the inheritance, if not practicable to do this that an eqivalent for such improvements shall be given such owner, thus conferring the power upon the commissioners to ascertain and determine by whom the improvements were made, and their value; it will thus be seen, that the question as to improvements are to be determined by the commissioners. In the present case, I do not think the question as to the value of the land at the time the title of the husband was extinguished by the sale on the judgment against him necessarily arises. The presumption in the absence of proof to the contrary is, that the value was substantially the

Marble agt. Lewis.

same then as at present. The *onus* of showing that it was less, was upon the defendant. The case does not show any exception to the ruling of the court in rejecting proof offered by the defendant upon this point; all that appears in the case is that it was admitted that improvements have been made upon the land, and that the premises are more valuable than they were when the husband's title passed from him in 1843. For aught that appears the whole case of value is in consequence of the improvements. The improvements we have seen fall within the power of the commisioners to determine. The judgment rendered by the judge in this respect was, that commissioners be appointed upon application to the court to admeasure dower of the land, pursuant to the statute. This was the only proper judgment, unless it affirmatively appears that the lands were enhanced in value from other causes. The judgment actually entered is not warranted by the order of the judge. That judgment is for the unqualified recovery of one-third of the land. An appeal from the judgment is not the proper mode of correcting this error. It should be done upon motion at special term; no question is made, but that the plaintiff was entitled to costs, unless precluded by the offer of judgment; we have already seen that the offer in this case is insufficient for that purpose. The judgment should be be affirmed.