MARY ANN GRAHAM, Respondent, *v.* JAMES LINDEN, impleaded, etc., Appellant.

An order denying a motion for a reargument, which motion is based upon the ground that a justice who heard and decided the case below sat as a member of the court upon the hearing of appeal from the judgment, is appealable to this court.

Where the record shows that other justices heard and decided the case at General Term, this is not contradicted by proof that the justice before whom the case was tried, as presiding justice of the General Term, called the case when reached upon the calendar, and made some inquiries of counsel as to the papers.

The lien of a mortgage cannot be discharged in whole or in part by a tender of less than the whole amount due thereon. This rule is not affected by the fact that only a portion of the amount due belongs to the holder, and the balance to some other person for whom he holds the mortgage in trust.

G., the husband of plaintiff, in his lifetime executed a mortgage upon two lots of land, in which plaintiff joined. Subsequent to his death, plaintiff, as his administratrix, executed another mortgage thereon, pursuant to a decree of the surrogate, made upon the ground that the personal property was insufficient to pay the debts. Defendant, L., as grantee of the heir of G., had notice of the application to the surrogate, and appeared thereon. Plaintiff's dower in the two lots was admeasured to her in one of them. L. sold the lots to D., subject to the mortgages and the dower as admeasured, and D., sold the lot, no part of which was assigned for dower, to S., who assumed the mortgages and agreed to pay them. Plaintiff subsequently became owner of both mortgages. In an action to foreclose them,—*Held*, 1st. That defendant, L., was concluded by the decree of the surrogate as to amount of assets in plaintiff's hands as administratrix and the amount of deficiency, and that an offer to prove that plaintiff's resources for purchasing the mortgages came from moneys belonging to the estate was properly overruled. 2d. That plaintiff was liable to contribute toward the payment of the first mortgage to the extent of the interest upon one-third of the principal during her life ; that S., was liable for the payment of the entire amount, and that defendant, L., was entitled to receive what the plaintiff was liable to pay.

(Argued December 18, 1872; decided December 24, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment

in favor of plaintiff, entered upon the decision of the court at Special Term.

This action was brought to foreclose two mortgages, covering two lots of land situate in the city of New York, one of which was made by William Graham, the husband of plaintiff, in his lifetime, and the second by the plaintiff as administratrix of the estate of her husband, pursuant to a decree of the surrogate of the county of New York, entered agreeably to provisions of title 4, chap. 6, of part 1, of the Revised Statutes, the personal estate being insufficient, as alleged, to pay the debts of the deceased. Both mortgages, by several mesne assignments, became vested in the plaintiff. Before such assignments the plaintiff's dower in the premises was admeasured to her by decree of the Superior Court in the most northerly of the two lots covered by the mortgages.

Linden, who at the time of the granting the decree by the surrogate, and at the time of the admeasurement, was the assignee of the heir of Graham, had notice of the application to the surrogate and appeared thereon. He subsequently sold the lots to one Dunnigan, subject to the mortgages and to the dower as admeasured. Dunnigan sold the southerly lot to Jacob Schloss, who assumed the mortgages and agreed to pay them, and afterward sold the other lot to Linden, subject to the dower admeasured. Schloss tendered to plaintiff before the commencement of the action the amount of the mortgage, less what he claimed was the portion she was liable to contribute toward its payment. The court held that plaintiff, as tenant in dower, was liable to contribute to the payment of any portion of the mortgage first mentioned, which it became necessary to satisfy, out of the proceeds of a sale of the lot, in which dower was assigned; but was not bound to contribute if the mortgage was satisfied out of the other lot. The lot sold to Schloss was directed to be first sold, and if a deficiency arose then the balance to be sold, subject to plaintiff's estate in dower, and the moneys applied toward the deficiency, deducting a sum equal to the value of an annuity for the

residue of plaintiff's life upon one-third of said mortgage and interest. Judgment was entered accordingly.

*H. Brewster* for the appellant. Plaintiff's dower being subject to the first mortgage for $1,000, she was bound to contribute her fair proportion to its payment. (Lambert on Dower, 45, 46, and cases cited; *Leavenworth* v. *Conly*, 48 Barb., 570; *Titus* v. *Neilson*, 5 John. Ch., 452; *Swaine* v. *Perine*, 5 id., 482; *Everton* v. *Austin*, id., 497; *Collins* v. *Torry*, 7 John., 278; *Russell* v. *Austin*, 1 Paige, 195; *Coates* v. *Cheever*, 1 Cow., 461.) The tender discharged the lien. (*Hartley* v. *Latham*, 1 Keyes, 222; *Kortright* v. *Cady*, 21 N. Y., 343.)

*Henry Morrison* for the respondent. The decree of admeasurement of dower was binding on plaintiff, Linden, and his grantees. (2 R. S., Edm. ed., 513, § 17; *Graham* v. *Dunigan*, 2 Bosw., 517; *Laurence* v. *Brown*, 5 N. Y., 395; *Borst* v. *Griffen*, 9 Wend., 307; *Jackson* v. *Hixon*, 17 John., 123; *House* v. *House*, 10 Paige, 158; *McCabe* v. *Swap*, 14 Allen, 191.) A tender must be unqualified. A tender of the amount due, deducting the amount equitably, payable by plaintiff, was not a sufficient tender. (*Kortright* v. *Cady*, 21 N. Y., 343; *Wood* v. *Hitchcock*, 20 Wend., 47; *Roosevelt* v. *Bull's Head Bank*, 45 Barb., 584; *Roosevelt* v. *Harlem Co.*, 45 id., 554; 1 Camp. N. P., 183; *Eddy* v. *O'Hara*, 14 Wend., 221; *Brooklyn* v. *De Graw*, 23 id., 345.)

GROVER, J. The order of the General Term denying the defendant's motion for a reargument of the case must, if appealable to this court, be affirmed. I think it is an appealable order. Mr. Justice INGRAHAM, having heard and decided the case at the Special Term, was prohibited by the Constitution from sitting as a member of the court upon the hearing of an appeal from the judgment. If he did so, the appellant had an absolute right to have the order affirming the judg-

ment set aside, and the case reargued by a court authorized to hear and decide it. But the record shows what justices heard and decided the case, from which it appears that Justice INGRAHAM did not. The affidavit of the appellant does not in any way contradict this. The calling the case, upon its being reached upon the calendar (being presiding justice), was not improper; nor his making some inquiry of the counsel about the papers. The affidavit does not show that the conversation had by him with his associates in a low tone, after his return to the bench, had any relation to the case. So far from its showing that Justice INGRAHAM acted as a member of the court upon the hearing, it does not warrant a suspicion of his attempting to influence the action of those who did hear and decide it. The offer of evidence that the plaintiff's resources for purchasing the mortgages came from money she concealed during the life of her husband was properly overruled. In effect, it was an offer to prove that the determination of the surrogate of the amount of the assets in her hands as administratrix, upon the hearing of her petition for leave to mortgage the real estate, was erroneous. Upon that hearing, the surrogate had jurisdiction to determine that question; and his determination was conclusive upon the parties, of which the appellant was one. They could not avoid it in another proceeding by proving the falsity of the testimony upon which it was based. The lien of the mortgages was not discharged by the tender made. The sum tendered was less than the amount due upon the mortgages. Whether all that was due thereon belonged to the plaintiff or a part only, and the residue to some other person for whom the plaintiff held the mortgages in trust, does not affect the question. In either event, to discharge the lien the tender must be for the whole amount due upon the mortgage. There is no case holding that the lien may be discharged in whole or in part by a tender of less than the entire amount due.

The remaining question is whether the plaintiff was not herself liable for the payment of a part of the money due

upon the mortgage given by her husband and herself to Bronson. It is conceded that Schloss was liable for the payment of the entire amount, and that a judgment therefor was proper; but it is insisted that the appellant was entitled to a portion of the money, and that the judge erred in not adjudging this to be paid to him. The plaintiff, to entitle her to dower in the land covered by this mortgage, would be obliged to contribute to its payment. (Lambert on Dower, 45; *Leavenworth* v. *Cooney*, 48 Barb., 570; *Russell* v. *Austin*, 1 Paige, 195.) This mortgage covered two lots, and the plaintiff had had her dower in both assigned to her in one of the lots under proceedings instituted by her in the Superior Court for its admeasurement. The admeasurement made was the dower in both lots. The judge ordered the lot, no part of which was assigned to the plaintiff as dower, to be first sold; and held that if the proceeds of this were sufficient to pay the amount due upon the mortgage the plaintiff was entitled to the whole sum, free from any contribution by her; but if not sufficient, then the lot in which her dower was assigned should be sold; and, in that event, he held her liable to contribute to the payment of the mortgage. It is now sought to sustain the judgment as to the first mentioned lot, upon the ground that the plaintiff has no dower therein. It is true that no part of this lot was assigned to her; but that assigned in the other was in satisfaction for her right in both. So that, in fact, she has had her dower assigned for both, and her right thereto satisfied. This being done, she became liable to contribute to the payment of the mortgage to the extent of the interest upon one-third of the principal during her life. The appellant having acquired the title of the heirs conveyed the lot, no part of which was taken for the plaintiff's dower, and the purchaser, as part of the purchase-money, assumed the payment of the mortgage. This was the lot first directed to be sold. If the proceeds are sufficient to pay the mortgage it will then have been paid, in effect, by the appellant, and his right to call upon the plaintiff for contribution perfect, unless such right has been cut off by some means. It

is suggested that this was done by providing for the payment of the mortgage from the other lands in the admeasurement of dower. It is an answer to this, that no such provision could have been made in that proceeding.

Title 7, chapter 8, part 3, volume 2 of the Revised Statutes, prescribing this proceeding, confers no power upon the commissioners to make any provision for the payment of any incumbrance upon the land; and there was no evidence that they attempted any such thing.

There was no pretence of any agreement by the parties that the mortgage should be paid by the owner of the land not assigned for dower, or that the plaintiff should be discharged from liability to contribute to the payment of the mortgage. The legal conclusions of the judge show that he found that there had been no such discharge. Otherwise he would have directed the interest of the appellant in the lot in which dower was assigned to be sold for the payment of any deficiency after the sale of the other, and thus relieved the plaintiff from all liability for contribution.

The counsel for the respondent is right in the position that the admeasurement is binding and conclusive as to the location and extent of the dower upon all parties to the proceeding; and that, after this, the widow had no right of dower in the part not assigned to her. Her right therein was satisfied by the lands assigned. *McCabe* v. *Swap* (14 Allen, 188), relied upon by the counsel for the respondent, does not decide the question in this case. There the husband conveyed the land in his life-time, and the purchaser, as part of the purchase-money, assumed the payment of the mortgage. This was, in effect, payment of the mortgage by the property of the husband. In this case, the provision for payment was from the property of the heirs after the widow's claim to dower therein had been satisfied by the assignment to her of other land in satisfaction thereof. This did not discharge the plaintiff from liability to contribute to the payment of the mortgage. Her purchase of the mortgage did not affect this liability. The lot directed to be first sold, being liable for the payment of

the entire amount of the mortgage, was properly adjudged to be sold to produce that sum.    The error was in awarding this entire sum to the plaintiff.    The appellant was entitled to receive what the plaintiff was liable to pay on the mortgage. That is found by the judge to be $194.14.

The judgment should be modified by deducting this amount from the sum directed to be paid to the plaintiff from the proceeds of the lot first directed to be sold, with interest from the entry of the judgment, and directing the payment thereof to the appellant, and, as so modified, affirmed, without costs to either party upon either appeal.

All concur, except Allen, J., not voting.    Rapallo, J., not sitting.

Judgment accordingly.