HARRIET S. DE LISLE, RESPONDENT, *v.* FREDERICK HERBS AND MAGNUS D. HERBS, APPELLANTS.

*Merger — when a mortgage purchased by an owner of land to protect his title is not thereby extinguished — dower of wife is cut off by a purchase-money mortgage.*

In 1848 the plaintiff's then husband purchased certain premises for $6,000, $1,000 of which was paid in cash, $1,000 in promissory notes and $4,000 by a purchase-money mortgage, executed by the husband alone. In January, 1849, the plaintiff, who was then an infant, united with her husband in conveying the property to one Van Dusen, subject to the $4,000 mortgage, which mortgage was, in April, 1850, purchased by and assigned to the said Van Dusen, he taking an assignment instead of a satisfaction of the mortgage, by advice of his counsel, in order to protect his title. Thereafter Van Dusen

conveyed the premises by a full covenant deed to the defendants' grantors. In 1874, the plaintiff's husband died, and thereafter this action was brought by her to recover her dower in the said premises.

The Special Term decided that the $4,000 mortgage was merged when purchased and assigned to Van Dusen, and that the plaintiff, being an infant when she executed the conveyance, was entitled to recover her dower in the whole premises.

*Held*, that this was error.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*C. P. Collier*, and *S. L. Magoun*, for the appellants.

*James M. Fisk*, for the respondent.

BOARDMAN, J.:

This is an action in equity brought to set aside a conveyance by the plaintiff while she was an infant *feme-covert*, and for the assignment of her dower in the premises thus conveyed.

The plaintiff's then husband in 1848 purchased the premises in which dower is now claimed for $6,000, of which $1,000 was paid in cash, $1,000 in promissory notes, and $4,000 in a purchase-money mortgage executed by her then husband only.

In January, 1849, the plaintiff and her husband united in the conveyance of said premises subject to said $4,000 mortgage to John Van Dusen, Sr. The plaintiff was at that time under the age of twenty-one years. In April, 1850, said John Van Dusen, Sr., purchased said mortgage and took an assignment thereof to himself. The assignment, instead of a satisfaction, was taken by said Van Dusen by advice of counsel for the purpose of protecting his title. In 1858, Van Dusen, Sr., sold and conveyed said premises by a full covenant deed to defendants' grantors through whom by *mesne* conveyances the defendants have acquired the title. The plaintiff's former husband died in August, 1874, and she was again married in November, 1875, to Charles M. De Lisle.

Upon these facts the learned judge at Special Term held, and decided, that the plaintiff was entitled to dower in the whole of said premises, she being an infant when her conveyance was made; that the $4,000 mortgage was merged in the fee and was extinguished when John Van Dusen, Sr., purchased and took the assignment

thereof; that the defendants are not entitled to deduct said mortgage from the value of the premises or to treat it as a lien or incumbrance as against the plaintiff or her claim of dower.

It is believed the authorities will not sustain these conclusions. By 1 Revised Statutes, 740, 741, § 5, the widow is not entitled to dower in lands as against the purchase-money mortgagee of such lands or those claiming under him. The plaintiff concedes this statute would deprive her of dower in the lands to the extent of the mortgage if it were still valid, subsisting and unpaid. She in effect concedes that she had an inchoate right of dower only in the equity of redemption at the time she and her husband conveyed to John Van Dusen, Sr., in 1849. But she claims that Van Dusen by his subsequent purchase of the mortgage and taking the title to himself paid it. Ordinarily when the legal and equitable title unite in the same person, the equitable is merged in the legal estate. This result will not follow where it is against the express or implied purpose or intention of the person owning the two titles. So, where it is for the interest of such person to prevent the union of the two estates, the law will imply an intention to keep alive the equitable estate. These principles have been established by many cases. (*Champney* v. *Coope*, 32 N. Y., 543, 549, etc.; *James* v. *Morey*, 2 Cow., 248; *Russell* v. *Austin*, 1 Paige, 192; *Barnes* v. *Mott*, 64 N. Y., 397; *Mechanics' Bank* v. *Edwards*, 1 Barb., 271; affirmed, 2 id., 545; *Day* v. *Mooney*, 4 Hun, 134.)

In *Runyan* v. *Stewart* (12 Barb., 537), it was held by a divided court that plaintiff, under somewhat similar circumstances, was entitled to dower in the whole premises at law where the purchase-money mortgage had been satisfied and discharged of record by the assignee of the husband. The prevailing opinion however says that if the mortgage had been assigned as in this case, the purchaser would have been regarded as holding under it. It is also suggested that the mortgage could have been revived in equity as against the widow. Mr. Justice JOHNSON, in an excellent dissenting opinion, maintains that the purchase-money mortgage is equally available against the widow's dower, though paid and canceled of record. When the owner of the legal estate takes an assignment of an outstanding mortgage, there will be no merger of the two estates unless such was the intention. (*Russell* v. *Austin*, 1 Paige, 195; *James*

v. *Morey*, and other cases above cited; *Angel* v. *Boner*, 38 Barb., 425.)

In the latter case it was held that a mortgage assigned to the owner of the equity of redemption whose duty it was to satisfy it, could not by a new assignment be revived as a lien to the prejudice of a junior incumbrancer. But in the case then under consideration the mortgage so assigned was held to be a valid lien and not satisfied. In *Ely* v. *McNight* (30 How., 97) the contest was between the mortgagor, who sold the equity of redemption, and the purchaser, who assumed and agreed to pay the mortgage. The latter, after taking an assignment of the bond and mortgage while he was the owner, undertook to assign the same and have the mortgagor sued upon his bond. The court held that the bond and mortgage were legally and equitably satisfied and they could not be revived for an unjust and illegal purpose. It does not apply to the case under consideration. *Nicholson* v. *Halsey* (1 Johns. Ch., 417) illustrates the doctrine of merger where no valid reason existed against its application. What was said by Judge BRONSON in *Cooper* v. *Whitney* (3 Hill, 95) *was obiter*. There was no unity of the legal and equitable title in one person, and the learned judge says it is unnecessary to determine what would be the effect of the union of the two interests in the same individual. (See, also, *Gibson* v. *Crehore*, 3 Pick., 475; *Gardner* v. *Astor*, 3 Johns. Ch., 53).

Van Dusen took the assignment of this mortgage for the protection of his title. It was necessary to do so by reason of the infancy of the plaintiff when she conveyed. That fact may or may not have been known to him. He thereby became a person holding under a purchase-money mortgage as against the plaintiff. It was just and right that Van Dusen and his grantees should be protected against a claim of dower beyond the value of the equity of redemption when he purchased. At that time plaintiff had no inchoate dower right except in such equity of redemption. If she had been of full age that would have passed by her deed. Because she was an infant her act was voidable. As against all persons but the mortgagee and those holding under him she was entitled to dower. (1 R. S., *741, § 5.) It is not just that she should be endowed of an interest which her husband, for that purpose, never owned or was seized of.

It follows that the learned judge erred in holding that the plaintiff was entitled to dower in the whole of said premises irrespective of such purchase-money mortgage.

The appellant claims, first, that the plaintiff has waived her right to avoid her deed by the great lapse of time since she became of age, nearly twenty-five years; second, also that she could not maintain an action for dower, but only an action to redeem upon payment of an equitable portion of the mortgage debt; third, also that the $1,000 of the purchase-money secured by notes which Van Dusen, senior, paid were an equitable lien upon the premises in favor of Van Dusen and his grantees against plaintiff; fourth, also that plaintiff's husband was never so seized of this property as to entitle plaintiff to dower therein.

These questions are not fairly presented to us by the exceptions in this case, and since a new trial will become necessary on the point first considered we decline to consider them.

The judgment is reversed and a new trial granted, costs to abide the event.

BOCKES, J.:

I concur in the opinion. I think a new trial should be granted, as per opinion.

LEARNED, P. J.:

Nothing in the opinion should be construed as deciding that the dower should be one-third of the present value of the property instead of one-third of the value at the time of alienation. (*Marble v. Lewis*, 53 Barb., 432, and other cases; 4 Kent's Com., 66.) Query: Is a new trial necessary?

Judgment reversed, new trial granted, costs to abide event.