ELIZA D. SIDWAY, Respondent, v. ISABEL SIDWAY, Appellant.

*Acceptance of a gross sum in lieu of dower—property to be valued as of the time of its first alienation — effect upon such valuation, of a mortgage given to cover the expense of improvements on the property.*

By the death of John J. Sidway in October, 1882, intestate, William J. Sidway, his sole heir-at-law, became the owner in fee of certain real property, subject to the dower right therein of his mother. In January, 1883, the mother and William J. Sidway united in the execution of a mortgage on the premises for the sum of $20,000, all of which sum was expended in improvements on the same premises, which were completed before the commencement of the action herein-

after mentioned, and which were then, and .continued to be, of the full value of the money expended in making them.

By the death of William J. Sidway, and the subsequent birth and death of a posthumous child, his widow, the mother of said child, became the owner in fee of the premises subject to the dower of the plaintiff.

In an action, brought by the widow of John J. Sidway for the admeasurement of her dower in the premises, in which she consented to receive a gross sum in lieu thereof:

*Held,* that such gross sum should be computed upon the value of the property at the date of the alienation, namely, in this case, at the date of the succession by William J. Sidway, the first heir.

That, as the charge by way of mortgage was created upon the land by the joint act of the doweress and the owner of the fee, and was for the improvement of the land itself, and resulted in increasing its value to precisely the extent of the charge created upon it, the value of the inheritance was unchanged, and that, therefore, there was nothing in that transaction to affect in any measure the interest of the doweress.

*Humphrey* v. *Phinney* (2 Johns., 484); *Catlin* v. *Ware* (9 Mass., 217) distinguished.

Appeal from a judgment, entered in the office of the clerk of the county of Erie on the 3d day of May, 1888, upon the report of a referee.

The action was brought to admeasure the dower of the plaintiff.

*G. T. Quimby,* for the appellant.

*W. L. Marcy,* for the respondent.

Dwight, J.:

A very simple statement of the problem presented by this appeal seems to us to demonstrate its correct solution by the referee. By the death of John J. Sidway in October, 1882, intestate, William J. Sidway, his sole heir-at-law, became the owner in fee of the premises in question, subject only to the right of dower of the plaintiff, his mother. The property was then worth the sum of $26,500. In January, 1883, the plaintiff and William J. Sidway united in the execution of a mortgage on the premises for the sum of $20,000, and obtained thereon a loan of that sum of money, all of which was expended in improvements on the same premises, completed before the commencement of this action, and which were then and are now of the full value of the money expended therein. By the death of William J. Sidway in June, 1885, and the subsequent birth and death of his posthumous child, the defendant, his widow and the

mother of such child, became the owner in fee of the premises, subject to the dower of the plaintiff.

The latter having commenced this action for the admeasurement of her dower, and having consented to receive a gross sum in lieu thereof, the question is, upon what value shall such gross sum be computed? The answer is, upon the value of the property at the date of alienation, viz., in this case at the date of succession by the first heir. Such is the general rule, which is not questioned here (*Walker* v. *Schuyler*, 10 Wend., 480; *Marble* v. *Lewis*, 53 Barb., 432), and there is nothing, as we conceive, in this case to take it out of the rule. There is a case in which a rule more onerous to the heir has been declared, viz., where the heir has improved the land after descent and before assignment of dower. In such case it has been held, in this State and in Massachusetts, that the widow shall have dower in the improvements also. (*Humphrey* v. *Phinney*, 2 Johns., 484; *Catlin* v. *Ware*, 9 Mass., 217.) Of course, if the doweress has joined in the conveyance of a portion of the land, or in the creation of a charge upon it, or in any other act which detracts from the value of the inheritance, she must submit to a corresponding depreciation of her dower. But this case is in neither of the categories supposed. The charge created upon this land was by the joint deed of the doweress and the owner of the fee, and it was for the improvement of the land itself, and resulted in the appreciation of its value to precisely the extent of the charge created upon it. The value of the inheritance was unchanged, and there was, therefore, nothing in the transaction to affect, in any measure, the interest of the doweress, or, as we have said, to take the case out of the rule that dower is to be computed upon the value of the property as it was at the date of succession by the heir.

Such was the conclusion of the referee in this case, and the judgment entered accordingly must be affirmed.

BARKER, P. J., concurred; CHILDS, J., not voting.

Judgment affirmed, with costs.