JACOB HINCHMAN *v.* ELLEN STILES et al.

1. A widow is entitled to her dower in an equity of redemption, and the court will protect her interest.

2. So where the sheriff sold under a decree of the court. The surplus, after satisfying the mortgages, represents the equity of redemption, and the widow of the mortgagor is entitled to her dower in it.

On the 5th of March, 1849, David Stiles executed a mortgage to B. F. Lippincott, on lot number one, to secure the payment of one hundred and forty-four dollars.

Subsequent to the execution of this mortgage, David Stiles intermarried with the defendant, Ellen Stiles.

Subsequent to the marriage, to wit, on the 24th of April, 1849, David Stiles executed a mortgage to Rebecca Slim, on lot number two, to secure a debt of four hundred dollars.

On the 1st of April, 1850, David Stiles and Ellen, his wife, executed a mortgage on lot number one and lot number two, to secure the payment of one thousand dollars to Jacob Hinchman, the complainant.

On this last mortgage the complainant filed his bill.

On the 14th of February, 1853, the master made a report, by which it appeared that, on that day, there was due on the Lippincott mortgage, one hundred and fifty-two dollars and thirteen cents; Rebecca Slim's mortgage, four hundred and nineteen dollars and forty cents; complainant's mortgage, one thousand and fifty-two dollars and thirty-four cents.

The sheriff sold under the decree of the court made at the last term of this court. See *Hinchman* v. *Stiles et al.,* 1 *Stn.* 361. By the sheriff's certificate, it appears that lot number one sold for one thousand nine hundred and ten dollars, and that, after paying the first and third mortgages, there is a surplus of five hundred and fifteen dollars and seventy-four cents. Lot number two sold for six hundred and five dollars.

The widow applies to the court, and asks that her dower-right in the surplus may be protected.

*Mr. Dudley*, for the widow.

*Mr. Teneyck*, for judgment creditors.

THE CHANCELLOR. The lot embraced in the first and third mortgages brought sufficient to pay off those encumbrances, leaving a surplus of five hundred and fifteen dollars and seventy-four cents. The second mortgage did not embrace this lot, and of course that mortgagee can have no claim upon this surplus. The question as to its disposition is between the widow of the mortgagor and the judgment creditors. This surplus represents the value of the equity of redemption. When this case was before the court, at the last term, it was decided that the widow was entitled to her dower in the equity of redemption, and that the court would protect her interest.

It is now insisted that the widow is entitled to the whole of the five hundred and fifteen dollars and seventy-four cents. This cannot be so. She is entitled to nothing more than her dower in the equity of redemption. The sum represents that equity of redemption. She is entitled to the interest on one-third of it, and no more. Suppose the sheriff had sold two-thirds of the lot, and paid off the encumbrance ; it is very clear that the widow would not have been entitled to the whole of the remaining one-third of the land as her dower. She would have been entitled to her dower—that is, her thirds—in the land that remained unsold.

The widow's costs in this suit must be paid out of the surplus. Of the residue, two-thirds must be paid to the judgment creditors, according to their respective priority. One-third must be invested, under the direction of the court. The widow will be entitled to the interest during her lifetime, and at her death the judgment creditors will be entitled to the principal.

As to the proceeds of lot number two, two-thirds must be appropriated to pay the second mortgagee her costs, and the

amount due on her mortgage. One-third must be invested under the direction of the court. The widow will be entitled to the interest during her life. At her death the principal will go, first to make up any deficiency the second mortgagee may be entitled to, and the residue will belong to the judgment creditors.

CITED *in Pierson* v. *Hitchner*, 10 *C. E. Gr.* 134.