# CASES ADJUDGED

# COURT OF ERRORS AND APPEALS

## OF THE STATE OF NEW JERSEY,

### ON APPEAL FROM THE COURT OF CHANCERY.

### JUNE TERM, 1874.

---

CRONKRIGHT, appellant, and HAULENBECK and wife, respondents.

In ascertaining the proper sum to be paid in gross to a tenant in dower or by the curtesy, in commutation of such interest, the 130th and 131st rules of the Court of Chancery on the subject, should not be taken as an absolute guide ; but, irrespective of the result of the application of the rule to the case in hand, the court should determine what, in that case, under the circumstances thereof, is a reasonable sum to be paid in commutation.

---

On appeal from the decree of the Court of Chancery. The opinion is reported in 8 *C. E. Green* 409.

*Mr. Gilchrist*, for appellant.

*Mr. Williamson*, for respondents.

Cronkright v. Haulenbeck.

The opinion of the court was delivered by

THE CHANCELLOR.

This is an appeal from the decree of the late Chancellor, overruling exceptions to the report of the master fixing the gross amount to be paid to the widow of James Cronkright, deceased, in lieu of her dower in lands of which he died seized, which were sold by order of the Court of Chancery, in a suit for partition. The property consisted of what are known as the Cronkright homestead, the Cashman place, and the Durango place, all situate in English Neighborhood, in the county of Bergen. The master reported that the widow was entitled to receive the sum of $9508.50, in compensation for her dower. The estimates made by the witnesses, of the value of the annual rental of these lands, is not, in any instance, based upon their productiveness or capabilities for agricultural or horticultural purposes, though they are all in a rural neighborhood, and each property is of sufficient size to give it value for those objects, but the estimates are founded on their value as country residences. The witnesses agree that the premises are all in need of repairs, but differ widely as to the cost. They differ, also, as to the rental value. The weight of the testimony is in favor of the conclusion at which the master arrived ; and, viewing the subject without reference to the application of the rule of the Court of Chancery, by which the amount was ascertained, it seems clear that the sum fixed by the master was quite equal to the commutation value of the dower. The act by which the Court of Chancery is authorized to sell in partition, the estate in dower, or by the curtesy, provides (Nix. Dig. 672) that, on sale being made of any such estate, the court shall direct the payment of such sum in gross, out of the proceeds of the sale of the premises, to the person entitled to such estate, as shall be deemed a just and reasonable satisfaction for such estate or interest, and which the person so entitled shall consent to accept in lieu thereof; but, in case no such consent be given before the making of the order for distribution of

the proceeds of such sale, then the court shall ascertain and determine what proportion of such proceeds will be a just and reasonable sum to be invested for the benefit of the person entitled to such estate in dower, or by the curtesy, and shall order the same to be invested and disposed of in the manner directed by the twenty-third section of the act " for the more easy partition of lands held by coparceners, joint tenants, and tenants in common." To ascertain what, in such cases, is just and reasonable compensation, the rule above referred to was established. It is contained in the one hundred and thirtieth and one hundred and thirty-first rules of the Court of Chancery. That rule is called in question, in this cause, and is complained of as being unjust in its operation. That it is liable to objection, is undeniable. It is based on the tables by which life insurance companies are guided in taking their risks. And while those tables, which are the result of observation as to the average duration of human life, are sufficiently reliable for the purposes of insurers, the theory and necessity of whose business it is to deal, not with a few, but with numerous life risks simultaneously, they are obviously of but little value in estimating the probable duration of any one life. The average time of the happening of many uncertain events of the same character can, of course, be no sure criterion by which to determine when any one of them will occur. And yet it is not without reason that these tables have been adopted as a means of fixing the gross sum to be paid in commutation of dower and curtesy. The average duration of life which they establish, seems to be the very best guide attainable in laying down a rule ; and, indeed, it would be very difficult to devise or discover a better one. The difficulty lies deeper. It is in the application of a rule to a subject which, in strictness, admits of none ; and while, in very many cases, the rule in question will be found to work no injustice, there will be many in which it will operate hardly on the one party or the other. When applied to curtesy, its injustice is often intolerable, and its operation almost equivalent to a disinherison of the heir. What, then,

is the remedy?  It is to be found in individualizing each case as it comes before the court for consideration, in disposing of each case on its particular merits, using the rule merely as a means of approximation.  Any commutation of dower or curtesy may prove, in the sequel, to have been an injudicious bargain on the one side or the other, and yet it may seem most advantageous to all parties that there should be a commutation.  In my judgment, the rule in question, although it has the sanction of many years' use, ought to be so modified as to subject each case to the opinion of the master as to the amount which, notwithstanding the result of the application of the process, ought to be paid in commutation of the dower or curtesy, to the end that the Chancellor may fix such sum as he may deem just and reasonable under the circumstances.

I am of opinion that the decree of the Chancellor in this case, should be affirmed, with costs.

Decree unanimously affirmed.