This bill was filed by the widow of Robert H. McC. Potter, deceased, for a discovery of the assets of his estate, so that she could elect between her dower and a provision in his will in lieu of dower. The estate was given to the executors *Page 14 
in trust and all the land has been converted into cash under a power in the will, free of the widow's dower, released by her under a reservation of her rights in the funds by a protecting order made in the cause. The essential portions of the will are set forth in the opinion advising a discovery, reported in99 N.J. Eq. 538. The master to whom it was referred has reported that the widow is dowable of net land value of $367,900.80, and to this she files exceptions. The land sold for $490,000, and on this basis the master calculated the value of the dower and correctly. The improved land in Hoboken, which was sold for $450,000, was encumbered by two mortgages executed by the deceased to secure his bonds. The widow had joined in only one. The master, in a mistaken belief that she was a party to both, charged her interest accordingly. The report will be restated in this respect (Campbell v. Campbell, 30 N.J. Eq. 415), and to that there is no objection.
The widow claims that her dowable third should be relieved from the charge of the mortgage in which she joined, by the personal estate, and if that be insufficient, by the remaining two-thirds of the proceeds of the land; and in the latter aspect she contends that, inasmuch as the will empowers the executors to sell the land, the proceeds are to be regarded as personal property, and that as the testator directed his executors to pay his debts, and especially the mortgage debts out of the proceeds of the sale of unimproved property, obedience calls for exoneration.
The English doctrine is that a doweress, like an heir-at-law, may call upon the personal estate to exonerate the land from the mortgage debts (19 C.J. 486) and the right is extended in equity; but it is established law that as between a doweress and an heir-at-law the rule does not exist. Their rights as to each other are fixed at the death of the husband. Burnet v. Burnet,46 N.J. Eq. 144. The personal estate, proper, is insufficient to pay the debts and administration expenses.
The conversion of the land into personalty was for the purposes of the will, the administration of the estate as therein directed, and the legal fiction is not available to the widow. *Page 15 
If she renounces the testamentary provision in lieu of dower and asserts her right of dower in repudiation, she will be as a stranger to the will. It is her privilege to accept or reject the will; not to deny and reap. The directions to the executors to pay debts, and especially the mortgage debts on the improved property out of the unimproved land, are purely administrative, beneficial to takers of the decedent's estate; devisees and heirs-at-law; but a doweress is not in that category, for her dower has its inception in the coincidence of coverture and seizin in the husband, and its consummation, in her survivorship; not in the devolution or disposition of title at his death, but in spite of them. That the provisions for the payment of debts generally and of the mortgage debts out of certain land were not for the benefit of the widow is emphasized by the will in which the testator directed that if the widow refused the gift "she shall take nothing hereunder." In Leavenworth v. Cooney, 48Barb. 570, the testator gave his estate to his executors in trust to sell the real estate and pay his debts and mortgage encumbrances on his land, and a legacy to his wife in lieu of dower which she refused to take. It was held that the directions to pay debts and mortgage encumbrances were not intended for the widow's benefit and that her estate in dower was not thereby enlarged. The doctrine was adopted and applied in the BurnetCase and Vice-Chancellor Pitney's discussion of the principles and authorities is compelling and his judgment is accepted as ruling the point. Where an heir-at-law (or devisee) redeems a mortgage in which the wife joined the husband the rule in equity is contribution, not exoneration. 19 C.J. 488; 9 R.C.L. 597; 1Scriviner Dower (2d ed.) 519; Hartshorne v. Hartshorne,2 N.J. Eq. 349; Hinchman v. Stiles, 9 N.J. Eq. 454; Chiswell v.Morris, 14 N.J. Eq. 101; Everson v. McMullen, 113 N.Y. 293.
See note to Commercial Bank L. Co. v. Dudley,12 A.L.R. 1347. The case of Higbee v. Morris, 53 N.J. Eq. 173, cited by the widow's counsel, simply holds, in effect, that as the testator had not directed the payment of his debts, a specific devise could not be relieved from the lien of a mortgage out of lands passing under the *Page 16 
residuary clause, and, as there was no rule of law in respect to it, there could be no exoneration. He also argues that the act of 1924 (Cum. Supp. Comp. Stat. p. 1971) which abolishes exoneration of mortgage debts "out of personal estate or anyother real estate of the ancestor or testator," presupposes that the remaining real estate had been callable. So much as is underscored was intended to reach a situation, as indicated in the Higbee Case, where a testator directs the payment of debts.
Taxes on land, delinquent at the testator's death, are not proper charges against the dower estate. The taxes were levied against the husband's estate to which the executors succeeded, burdened with the impost. At the time they were assessed the wife had but a contingent interest, incapable of a levy, and, as her inchoate right did not spring from her husband's estate, nor, in consummate form, pass to her by the succession it is not encumbered and a contribution charge is not justified. SeeCapital Circle v. Schmitt, 84 N.J. Eq. 95. In Brown v.Brown, 72 N.J. Eq. 667, Vice-Chancellor Garrison held taxes on land to be payable by the executor out of the estate.
The same view is entertained as to improvement assessments due in the testator's lifetime, and also as to attorney's fees for services in obtaining a reduction of the assessments.
Expenses incident to the sale of the real estate, i.e., advertising, broker's commissions, c., $20,301 are to be borne proportionally. The doweress has the benefit of a liquid estate and should share the cost. While she is entitled to a dowable third in the land value, $490,000, the enjoyment is to be measured by the net return.
The executors' care of the real estate after the testator's death resulted in a deficiency of income as against carrying charges. The master apportioned the deficit, and correctly. It is but equitable, and compensation is reflected in the sale price obtained through careful conservation and intelligent management by the executors during the period of loss.
The cost of administration and of litigation, including the present suit, is chargeable to the estate. State Bank of Ohio *Page 17 
v. Hinton, 21 Ohio St. 509; Rands v. Kendall, 15 Ohio 671;Taylor v. Fowler, 18 Ohio 567; Church v. Church, 3 Sandf. Ch.434.
The improved property — a factory in Hoboken — was sold for $450,000. At the time of the sale it was under a ten-year lease at $50,000 per annum, and $50,000 had been paid to the executors on account of the first year's rent. The tenant was the purchaser, and it was agreed that the $50,000 should be applied toward the purchase price, thereby, as it is claimed, abating two months' rent, $8,333. The doweress has no concern in this. Her interest must be calculated on the full purchase price, which is deemed to be the value of the land. If the rent was improperly surrendered by the executors they may be called upon for an accounting of the income.
The life tenants also contend that the ten-year lease, which was merged in the conveyance, had a surrender value. If this be so, it is a matter of accounting between the executors and the life tenants.
The various exceptions are sustained or overruled agreeably to the views expressed. If counsel cannot, with convenience, readjust the account accordingly it will be referred to the master for that purpose.
The widow is not entitled to dower in gross against the consent of the parties in interest. In the absence of legislation the court is without power to allow a lump sum in lieu of dower. 18C.J. 584; Kouvalinka v. Geibel, 40 N.J. Eq. 443; Mutual LifeInsurance Co. v. Probasco, 9 N.J.L.J. 8; Tiff. Real Estate
(2d ed.) 811, and cases cited in footnote. The legislative grant so far as it has been conferred in this state is confined to instances where land is sold under judicial procedure and the party entitled thereto elects to take a gross sum, viz., mortgage foreclosure (Comp. Stat. p. 443); partition or sales by executors, c., under order of the orphans court (Comp. Stat.pp. 4681, 4682) sale of infants' land (Comp. Stat. p. 2805).Mulford v. Hiers, 13 N.J. Eq. 13; Leach v. Leach, 72 N.J. Eq. 571.
In the present case the executors sold under a power in the will. The widow has no right to elect and the court is without power to allow her a *Page 18 
gross sum. Were it within its power, the court would refuse to exercise a discretion for the infant remaindermen. Under the fifth clause of the will the estate presently vests in the Watkins children, they to come into enjoyment at the termination of the life interest "when they and each of them arrive at the age of twenty-one (21) years." Fidelity Union Trust Co. v.Rowland, 99 N.J. Eq. 72. By that time all life tenants may have passed out, and it would be inequitable to serve the doweress and the life tenants at the expense of the infants' principal. The doweress further contends that she is entitled to a gross sum in consideration of her release by agreement with the executors and embodied in the order of this court, made to preserve her dower rights transferred to the proceeds of the sale. This claim is without merit in fact. Her counsel, in his brief, maintains that she released her dower, relying on the good faith of the order, and quotes a favoring excerpt but altogether omits reference, and it is hoped unintentionally, to the last paragraph of the order which reads that "nothing contained in this order shall give or be construed to give to complainant (widow) any more or other rights than she had prior to the making of the order, the sole purpose of this order being to preserve to complainant and the other parties to the suit whatever rights she or they had at said time."