Isaac Harter, Jr., Transferee, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 86140. Filed December 10, 1962.

*Whitman Knapp, Esq.*, for the petitioner.
*Philip Shurman, Esq.*, for the respondent.

#### OPINION.

Fay, *Judge:* The Commissioner determined that the petitioner is liable to the extent of $22,387.10, plus interest, as transferee of the assets of the estate of his mother, Elizabeth F. Harter, deceased, for a deficiency in estate tax determined by the respondent against the transferor in the same amount. The only issue for decision is whether the transferor estate is entitled to a marital deduction with respect to assets which passed to Isaac Harter from his wife pursuant to Isaac's election to take a share of her estate as in intestacy.

All of the evidentiary facts are stipulated and are found as stipulated.

The petitioner is the son of Isaac and Elizabeth F. Harter (hereinafter referred to as Isaac and Elizabeth). He resides in Beaver, Pennsylvania. The petitioner, executor of Elizabeth's estate, filed an estate tax return with the district director of internal revenue, Upper Manhattan, New York, on April 9, 1956.

Elizabeth died on January 11, 1955. Her will, which had been executed in 1942, named the petitioner as executor of her estate and left all of her property to him. Although Isaac was living at the time of her death, the will provided for no gift for him. The will stated in this regard:

FOURTH: I make no provision for or bequest to my husband, ISAAC HARTER, SR., as my husband is otherwise well provided for. If my dear son, Isaac Harter, Jr., should inherit my property as by this Will provided, I believe that, without impairing at all the absolute character of the bequest I make to him, he would from my possessions which he so acquires make a gift to my husband of some token or keepsake.

On or about January 21, 1955, the petitioner offered the will for probate in the New York County Surrogate's Court. The will was duly admitted to probate by a decree of that court dated January 28, 1955. On the same day, letters testamentary under the will were issued to the petitioner appointing him executor.

Attorneys for the estate promptly advised Isaac that he had a statutory right under the law of New York to take a share of Elizabeth's estate as in intestacy and suggested a plan by which the Federal estate taxes on her estate could be substantially reduced without affecting her testamentary desires. In the first place, the attorneys advised Isaac that if he elected against his wife's will her estate could claim a marital deduction for the amount received by him as the result of that election, and that the deduction would substantially reduce the Federal estate taxes payable by the estate. Secondly, Isaac was advised that if he wished to honor his wife's testamentary desires he could make a gift of the amount he received to his son, the petitioner herein, and that the Federal gift tax on this transfer would be considerably less than the saving in Federal estate taxes.

The plan appealed to Isaac, and after consulting with the petitioner he decided to adopt it in principle. He decided, however, to give any amounts received from the estate to the three children of the petitioner rather than to make an outright gift to the petitioner. Isaac felt that this would not be contrary to Elizabeth's desires and that the amount of the gifts would not be subject to Federal estate tax in the petitioner's estate on his death.

Although Isaac discussed his plan with the petitioner, he did not enter into a contract with him to make any particular disposition of the property he would receive pursuant to his election.

On July 12, 1955, Isaac validly exercised his right to elect to take his share of the estate as in intestacy pursuant to section 18, subsection 1, of the New York Decedent Estate Law by serving a written notice of his election on the petitioner. A copy of the notice of election with proof of service was thereafter duly filed and recorded in the New York County Surrogate's Court.

On the same day, a check of the decedent's estate in the amount of $78,000 was drawn by the petitioner as executor and delivered to Isaac. Isaac gave the estate a release acknowledging that the check was "in full satisfaction of any and all rights I may have as surviving spouse of the above named decedent under the provisions of said Section 18."

Also on that day Isaac divided the $78,000 into three equal portions and paid one of them to his grandson, Isaac Harter III, and the other two to the Bankers Trust Company as trustee for Michael Harter and Mary Jane Harter, his two minor grandchildren.

Isaac filed a gift tax return for the year 1955 in which he reported a Federal gift tax in the amount of $4,944.99 due on the transfers to his grandchildren.

The petitioner, on the estate tax return he filed for his mother's estate, claimed a marital deduction in the amount of $78,000, which was based on the sum given Isaac pursuant to his election to take as in intestacy. The return showed a taxable estate of $99,884.86. On April 9, 1956, the petitioner paid the tax of $19,811.63 shown to be due on the return. The respondent disallowed the $78,000 claimed as the marital deduction.

The petitioner, as a beneficiary, received from Elizabeth's estate assets of a value at least equal to the deficiency determined by the Commissioner.

The petitioner contends that Elizabeth's estate was entitled to a marital deduction for the $78,000 paid to Isaac. The respondent, on the other hand, contends that Isaac's election, viewed in the circumstances in which it occurred, did not result in his acquiring property from his wife's estate in a manner that would entitle the estate to a marital deduction.

Section 2056(a) of the Internal Revenue Code of 1954, which allows the marital deduction, provides:

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall * * * be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

Section 2056(e) provides, in part:

(e) DEFINITION.—For purposes of this section, an interest in property shall be considered as passing from the decedent to any person if and only if—

*       *       *       *       *       *       *

(2) such interest is inherited by such person from the decedent;

The respondent has promulgated regulations relating to these sections. Section 20.2056(e)–2(c), Estate Tax Regs., provides as follows:

(c) *Effect of election by surviving spouse.* This paragraph contains rules applicable if the surviving spouse may elect between a property interest offered to her under the decedent's will or other instrument and a property interest to which she is otherwise entitled (such as dower, a right in the decedent's estate, or her interest under community property laws) of which adverse disposition

was attempted by the decedent under the will or other instrument. If the surviving spouse elects to take against the will or other instrument, then the property interests offered thereunder are not considered as having "passed from the decedent to his surviving spouse" and the dower or other property interest retained by her is considered as having so passed (if it otherwise so qualifies under this section). If the surviving spouse elects to take under the will or other instrument, then the dower or other property interest relinquished by her is not considered as having "passed from the decedent to his surviving spouse" (irrespective of whether it otherwise comes within the definition stated in paragraph (a) of this section) and the interest taken under the will or other instrument is considered as having so passed (if it otherwise so qualifies). * * *

In the present case, Isaac elected to take a portion of Elizabeth's estate as in intestacy. His action would thus seem to fall precisely within the language of this provision of the regulations. However, the respondent contends that since the ultimate disposition of the property that passed pursuant to Isaac's election was consistent with the presumed wishes of Elizabeth the election should be considered a nullity and the property involved deemed to have passed directly to the ultimate recipients and not to Isaac. We do not agree with this contention. The respondent does not contend that Isaac failed to make an election under section 18, subsection 1, of the New York Decedent Estate Law that would be considered valid in the courts of New York. What is more, the gift by Isaac to his grandchildren not only transferred the property to persons who would not have taken it under Elizabeth's will but also gave at least part of it in trust and not outright as would have been the case under the will. Thus, it cannot be said that the ultimate disposition of the sum in question was the same as it would have been under the will. We need not, then, consider what the result would be had Isaac immediately made an outright gift of the property to the petitioner. The fact that this disposition was consistent with the presumed desires of Elizabeth is immaterial. It is equally immaterial that Isaac's motive in acting as he did was the reduction of the tax impact on the assets in the estate. *United States* v. *Isham*, 17 Wall 496 (1873); *Brodrick* v. *Moore*, 226 F. 2d 105 (C.A. 10, 1955).

The same consideration leads us to reject the respondent's second contention, that in substance no property ever passed from Elizabeth to Issac.

Finally, the respondent contends that Isaac received the $78,000 from Elizabeth's estate subject to a contract obligation to the petitioner to give it to the petitioner's children and thus received only a so-called "terminable interest" in the property which would not be qualified for the marital deduction because of section 2056(b)(1) of

the Internal Revenue Code of 1954.[1]   However, the evidence indicates that there was no contract between Isaac and the petitioner under which Isaac was obligated to make any transfer of the $78,000.   Thus, we see no reason why the estate of Elizabeth is not entitled to a marital deduction for the sum which passed to Isaac pursuant to his election.

*Decision will be entered for the petitioner.*

---

[1] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

(C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.