**AMERICAN NATIONAL BANK & TRUST CO. and Marion Munson (Powers), Executors of the Estate of William Donald Munson**

v.

**UNITED STATES of America.**

**Civ. A. No. 4381.**

United States District Court
E. D. Tennessee, S. D.
April 12, 1967.

Charles L. Claunch, Chattanooga, Tenn., for plaintiffs.

J. H. Reddy, Chattanooga, Tenn., Russell L. Davis, Department of Justice, Washington, D. C., for defendant.

## OPINION

FRANK W. WILSON, District Judge.

This is an action for the recovery of estate tax paid. The parties have submitted the case to the Court upon stipulated facts. The sole issue for determination by the Court is whether or not the widow's interest in lieu of dower, awarded by the Probate Court in the amount of $31,179.33, qualifies for the marital deduction under the provisions of 26 U.S.C. § 2056. The facts stipulated by the parties and established by the stipulated exhibits are set out below.

William Donald Munson, a resident of Hamilton County, Tennessee, died testate on March 11, 1960, and his will was admitted to probate. On October 17, 1960, the plaintiff, Marion Volkhardt Munson (now Powers), the surviving widow of William Donald Munson, dissented from the will (Exhibit 1). She subsequently petitioned the Chancellor for assignment of dower out of the real property of which the decedent was seized at the time of his death (Exhibit 2). Commissioners appointed by the Chancellor (Exhibit 3) to allot and set apart the dower interest reported that it was impossible to set aside dower in kind because of the size and value of the tracts involved, and recommended that the tracts be sold and that dower be allocated to the widow out of the proceeds (Exhibit 4). The report was confirmed and a public sale ordered (Exhibits 5 and 6), sales were made and approved and dower was ordered calculated and paid unto the widow (Exhibits 7, 8 and 9). The interest in lieu of dower amounted to $31,179.33.

On September 11, 1961, the plaintiffs, as executor and executrix, respectively, of the estate of William Donald Munson, filed a United States Estate Tax Return, and in conformity therewith paid federal estate tax on behalf of the estate in the amount of $46,093.44 plus interest in the amount of $691.40, a total of $46,784.-84. The return was subsequently audited by the Internal Revenue Service, which determined and assessed against the estate a deficiency of $21,583.09, plus interest in the amount of $1,876.27, a total of $23,499.36, which plaintiffs paid to the Internal Revenue Service upon November 29, 1962. Thereafter, on October 23, 1962, plaintiffs duly filed claims for refund in the amount of $23,794.17 with the District Director of Internal Revenue in Nashville, Tennessee. The claim was considered by the Commissioner of Internal Revenue on its merits and was disallowed in full on April 17, 1964. The pleadings in the case had raised issues as to the value of certain stock of Southern Chemical Cotton Company subject to estate tax, and as to the taxability of the year's support awarded by the Probate Court to the widow pursuant to Tennessee statute. However,

the parties have disposed of those issues by stipulation and the only issue remaining for decision is that set out in the first paragraph of this opinion relating to the widow's interest in lieu of dower.

Provision for the marital deduction is found in Section 2056 of Title 26, United States Code, the pertinent parts of which are here set out:

"(a) *Allowance of marital deduction.*—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(b) *Limitation in the case of life estate or other terminable interest.*—(1) *General rule.*—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

"(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

\*　\*　\*　\*　\*　\*

"(e) *Definition.*—For purposes of this section, an interest in property shall be considered as passing from the decedent to any person if and only if—

\*　\*　\*　\*　\*　\*

"(3) such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent;"

The Government advances two contentions: (1) that the property in question did not "pass" to the surviving widow within the meaning of subsection (a) of Section 2056 as defined in subsection (e) thereof, and (2) that the property in question constituted a "terminable interest" within the limitation embodied in subsection (b) of Section 2056.

The first contention of the Government is that since the widow's interest in lieu of dower was fixed by the Chancery Court under its inherent jurisdiction, and not by reason of any statutory provision, the interest in lieu of dower thus established was not included within the definition of interests that "pass" as set forth in 26 U.S.C. § 2056(e)(3), supra. Apparently the Government would concede that a "dower interest" would be deemed to have "passed" from decedent to widow within the meaning of Section 2056, and this is clear from the plain words of the statute. Likewise the Government concedes that a "statutory interest in lieu of dower" would be deemed to have "passed". However, the Government then argues that "nonstatutory interests in lieu of dower" are not deemed to have "passed" within the meaning of Section 2056. The Government cites no case law in support of its theory in this regard.

The Court is of the opinion that, whether there is, or is not, in Tennessee *statutory* authority for the award of compensation in lieu of dower (and the Court does not here decide this issue), nevertheless the Government's argument is met by reference to that part of the legislative history of the Internal Revenue Code of 1948 dealing with Section 812, the predecessor of the present Section 2056, which history is contained in Senate Report No. 1013, dated March 16, 1948,

U. S. Code Congressional Service, 80th Congress, Vol. 2, p. 1163, at p. 1224:

"The concept of the passing of an interest in property from the decedent as used in Section 812(e) is expressed in the definition in paragraph (3) of Section 812(e). Such paragraph (3) defines as so passing, interests which company would be considered as passing from the decedent, namely, interests bequeathed, devised, or transferred by the decedent or inherited from the decedent, or the dower or curtesy interest (or statutory interest in lieu thereof) of the decedent's surviving spouse. * * *

"The definition of an interest passing from the decedent is broad enough to cover all the interest included in determining the value of the decedent's gross estate under the various subsections of section 811 of the code * * and * * * may cover interests other than those included in determining the value of the decedent's gross estate."

Section 812(e) (3) (C) of the Internal Revenue Code of 1939 and Section 2056 (e) (3) are identical. Thus, it would appear that an interest which is includable in the gross estate has "passed" within the meaning of the section relating to marital deduction. The Court is of the opinion that the definition contained in the code is broad enough to cover the interest with which we are here concerned.

A more difficult question is whether the interest is a terminable one within the limitation expressed in Section 2056 (b). If so, then it does not qualify for the marital deduction. The cases have consistently held that the widow's compensation in lieu of dower is not a terminable interest and is within the scope of the marital deduction. See United States v. Crosby (C.A.5, 1958), 257 F.2d 515; United States v. Hiles (C.A.5, 1958), 318 F.2d 56; Dougherty v. United States (C.A.6, 1961), 292 F.2d 331; First National Exchange Bank of Roanoke v. United States (C.A.4, 1964), 335 F.2d 91; Moore v. United States (D.C.Ky., 1963), 214 F.Supp. 603;

Wachovia Bank and Trust Co. v. United States (D.C.N.C., 1964), 234 F.Supp. 897.

The reasoning of these cases is well expressed in the opinion of Judge Jones in United States v. Hiles, supra:

"The question we must decide has been thus stated:

" 'If the surviving spouse elects to take the cash value of common-law dower (a non-deductible interest) the answer to the problem of whether the cash she receives qualifies for the marital deduction seems to depend upon whether, under local law, the cash passed to the surviving spouse from the decedent, because she had an election to take cash or dower, or the dower passed to her from the decedent and she subsequently converted it into cash.' Lowndes and Kramer, Federal Estate and Gift Taxes, 2nd ed. 382."

After reviewing the authorities, the Court went on to hold:

"Upon the death of a husband his widow, under the Alabama law, has a right of dower which is not a property right but is only a chose in action or an equity; and that dower does not become a property interest until there has been an assignment * * * The conventional assignment is by an admeasurement by metes and bounds of lands in which the widow has a life estate. There is also an assignment where an equity court decrees the payment of the cash equivalent. The sum which Mrs. Hiles received was received outright, and was all that she received as dower. She never had a life estate in the lands owned by her husband. The only interest that ever vested in Mrs. Hiles was an absolute interest in the money paid to her. That sum was entitled to the marital deduction."

The nature of the dower interest in Tennessee is similar. Thus, in Lee v. Harris (1949), 188 Tenn. 373, 219 S.W. 2d 892:

"This Court in North v. Puckett, 164 Tenn. 100, 46 S.W.2d 73, 81 A.L.R. 1107, said: 'The right of dower con-

fers no title to any part of the husband's land, after his death, until assignment of dower is made. It is a mere right which does not ripen into a title until some specific portion is set out and assigned as dower.'" Likewise, it was said in Edwards v. Hawks (1949), 189 Tenn. 17, 222 S.W.2d 28, that "unassigned dower is a chose in action". The nature of the interest has been more picturesquely described, as noted in Springfield v. Stamper (1948), 31 Tenn.App. 252, 214 S.W.2d 345:

 "'While the widow is entitled to only one-third interest in the land of her deceased husband as dower, that right to one-third hovers over the whole land as a right in her, and an encumbrance or charge on the land, until it is assigned, and the dower right does not become a vested one nor ripen into a freehold estate until dower is set apart by assignment by metes and bounds. A dower is not as (sic) estate, but only a right which attaches to the whole land before assignment; but after assignment it is an interest or estate for life, which is confined to the metes and bounds assigned as dower (Citations omitted)'"

See also Thompson v. Stacy (1837), 18 Tenn. 493; Whyte v. Mayor and Aldermen of Town of Nashville (1852), 32 Tenn. 364; Latta v. Brown (1896), 96 Tenn. 343, 34 S.W. 417, 31 L.R.A. 840; Briscoe v. Vaughn (1899), 103 Tenn. 308, 52 S.W. 1068; Marr's Heirs v. Gilliam (1860), 41 Tenn. 488. Upon assignment in kind, the dower right "matures into a life estate".

The Court is of the opinion that the reasoning of the *Hiles* case is sound and that the same reasoning is applicable in the instant case. "(W)e are more concerned with what the widow actually received in the settlement of her husband's estate than with what she was technically entitled to receive but actually did not receive." Dougherty v. United States, supra. That case, decided by the Sixth Circuit Court of Appeals in 1961, involved dower in Kentucky. The decedent had died testate, seized of interests in a number of real estate tracts. The widow relinquished her rights under the will and codicils probated and elected to receive her dower and distributive share as if no will had been made, as authorized by statute. The widow and executors of the will compromised on the value of the dower interest after the court had tentatively ordered the various parcels sold free of dower and the payment of a cash equivalent pursuant to certain Kentucky statutes. The Court of Appeals held that the property had "passed" within the meaning of the Internal Revenue Code, notwithstanding that the proceeds had been obtained by settlement and not in the statutory manner. The Court then turned to what it called the "real" issue, whether the interest of the widow in her husband's real estate was a terminable interest within the meaning of the provisions of the Internal Revenue Code:

 " * * * the provisions of the Internal Revenue Code applicable to the facts of this case should be liberally construed and applied to the purposes of their enactment. The purpose of the provision was to extend to married taxpayers in common law states the advantages of residents of community property jurisdictions by permitting a surviving spouse to acquire, free from estate tax exaction, one-half of what is referred to as the adjusted gross estate of the deceased spouse.

"Generally speaking, the 'terminable interest' concept was devised for the purpose of assuring that if the property bequeathed to the spouse was to be excluded from the gross estate of the decedent, it would be adequately integrated in the spouse's estate so that on her death, it would not escape the death tax a second time. * * * Under this construction of the Act, we are more concerned with what the widow actually received in the settlement of her husband's estate than with what she was technically entitled to receive but actually did not receive. The transaction is materially different from an allotment of dower in the

settlement of the estate and a subsequent sale by her of such allotment."

Reversing the trial court, it was held that the appellants were entitled to the deduction.

The Government seeks to distinguish the cases cited and discussed above by pointing out that they involved a statutory interest in lieu of dower, whereas the present case involves a nonstatutory interest. The Court has previously dealt with this highly technical approach to the language contained in Section 2056 (e) (3).

The Government further contends that the *Dougherty* and *Hiles* decisions and the others cited above by the Court in support of the proposition that compensation in lieu of dower is properly includible in the marital deduction are without force in the light of the recent decision of the United States Supreme Court in the case of Jackson v. United States (1964), 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871. With this, the Court does not agree.

There the question was whether the allowance provided by California law for the support of a widow during the settlement of her husband's estate was a "terminable interest" for purposes of the marital deduction. The state court had allowed the widow an allowance of $3,000 per month for 24 months, and the total of $72,000 was claimed to be deductible. The Court noted that, in California, the right to a widow's allowance is not a vested right and that nothing accrues before the order granting it. Further, the right to an allowance abates when the status upon which the right depends is lost, either by death or remarriage.

"In light of these characteristics of the California widow's allowance, Mrs. Richards did not have an indefeasible interest in property at the moment of her husband's death since either her death or remarriage would defeat it. If the order for support allowance had been entered on the day of her husband's death, her death or remar-

riage at any time within two years thereafter would terminate that portion of the interest allocable to the remainder of the two-year period. As of the date of Mr. Richards' death, therefore, the allowance was subject to failure or termination 'upon the occurrence of an event or contingency.' " (376 U.S. 507, 84 S.Ct. 872)

The Court then went on to hold that the date of the death of the testator is the correct time from which to judge the nature of a widow's allowance for the purpose of determining terminability and deductibility (376 U.S. 508, 84 S.Ct. 872), and added:

"This is in accord with the rule uniformly followed with regard to interest (sic) other than the widow's allowance, that qualification for the marital deduction must be determined as of the time of death."

The Court is of the opinion that the *Jackson* decision does not overrule the long line of precedents to the effect that compensation in lieu of dower is not a terminable interest and thus is within the marital deduction. That the qualification for the marital deduction must be determined as of the time of death has been accepted for many years, if not from the inception of the "terminable interest" concept in the code. See U. S. Code Congressional Service, 80th Congress, 2nd Session, Vol. 2, p. 1232 (Senate Report 1013, March 16, 1948). The Court is reinforced in its view by two decisions subsequent to the *Jackson* case. The Sixth Circuit Court of Appeals, following the Jackson rule in Hamilton National Bank of Knoxville v. United States (C.A.6, 1965), 353 F.2d 930, did make the following observation by way of footnote:

"There still remains an uncertainty as to how broadly the terminable interest provision will be defined. It has been suggested that the adoption of the date of death approach will eliminate almost all deductions for widow's allowances. (Citations omitted)"

However, the Court of Appeals went on to say, at a later point:

"Similar to the widow's dissent and application for the year's support is the widow's dissent and application for compensation in lieu of dower. It has been uniformly held the compensation qualifies for the marital deduction, and invoking the necessary legal procedures to enforce the right is not a condition or contingency precedent to its existence. (Citations omitted)"

The opinion in *Hamilton Bank* would indicate that while there may be some doubt about the effect of *Jackson,* nevertheless the accepted rule pertaining to compensation in lieu of dower remains in force.

The Court of Appeals for the Fourth Circuit had occasion to consider the matter at issue in this case in First National Exchange Bank of Roanoke v. United States (C.A.4, 1964), 335 F.2d 91. The following is excerpted from that opinion:

"The right to dower, sometimes called dower consummate, was a vested right. Her dower, however, was not an estate or an interest in any specific land. It could not become a life estate in realty until it was laid off and assigned in kind. At the time of the decedent's death dower could not be assigned in kind since the land was not susceptible to assignment. Thus, at the time of the decedent's death the widow did not have an estate or interest for life in one-third of the decedent's realty, nor could she ever acquire such an interest for the reason that it was impossible to assign her dower in kind. In the final analysis, it appears that at the time of the decedent's death the widow had a right to the commuted value of her dower. The commutation of her dower was not a conversion or sale of her life interest. Her commuted dower was paid to her in cash. Her right to it is absolute and non-terminable. It qualifies as a marital deduction.

"Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964) does not require a different conclusion. * * *

* * * * * *

"The characteristics of the widow's allowance described in Jackson differ materially from the right of the widow in this case. The right to a widow's allowance in Jackson is not a vested right and nothing accrues before the order granting it. Here the right to dower, however, vested at the time of the husband's death. As the Supreme Court pointed out, if the order in Jackson for the widow's allowance had been entered on the day of her husband's death, her death or remarriage at any time within two years would terminate a portion of the allowance. In this case, to the contrary, if the order paying the commuted dower had been entered on the day of the decedent's death, the widow's death or remarriage would not divest her or her estate of the money which she had received."

No case has been brought to the attention of the Court holding that *Jackson* has changed the law with respect to inclusion of compensation in lieu of dower within the marital deduction.

■ In accordance with the principles and authorities reviewed hereinabove, the Court is of the opinion that the amount paid unto the widow as compensation in lieu of dower should have been allowed to remain within the marital deduction, and that plaintiffs are entitled to recover with interest from the date of payment that portion of the tax paid based upon the determination by the Commissioner that the widow's interest in lieu of dower, which was awarded by the Probate Court to the widow in the amount of $31,179.33, did not qualify for the marital deduction from the value of the gross estate of William Donald Munson.

A judgment will enter in accordance with this opinion. The present record does not provide a basis for determining

the amount of the refund. If the parties are unable to agree with respect to this amount, any issue thereon will be submitted to the Court by appropriate pleading.