ESTATE OF JOSEPH NACHIMSON, DECEASED, ISADORE NACHIMSON AND RUBIN WEINER, EXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4305–66. Filed June 10, 1968.

*Neil I. Kilstein,* for the petitioner.
*Julius M. Jacobs,* for the respondent.

TANNENWALD, *Judge:* Respondent determined a deficiency in the estate tax against petitioner in the amount of $1,090.

Because of concessions by petitioner, the only issue for decision is whether petitioner is entitled to a marital deduction with respect to certain property which decedent's widow received as a result of an

---

agreement with the estate whereby the widow relinquished all rights of inheritance and dower.

### FINDINGS OF FACT

Some of the facts are stipulated and are found accordingly.

Joseph Nachimson died testate, a resident of Paterson, N.J., on May 14, 1963. Surviving him were his widow, two children of a prior marriage, and three grandchildren, the children of a deceased son of the prior marriage.

The widow was born on December 25, 1895.

Decedent's last will and testament was admitted to probate in the Surrogate's Court, Passaic County, N.J. Isadore Nachimson, his son, and Rubin Weiner, his son-in-law, who were named as executors of decedent's estate in the will and qualified on May 27, 1963, were still acting as such executors and were residents of New Jersey at the time of filing the petition herein. Petitioner filed a timely estate tax return with the district director of internal revenue, Newark, N.J.

Decedent's gross estate for Federal estate tax purposes totaled approximately $85,000. The sole provision in the will for his widow was the creation of a $15,000 trust for her benefit, in lieu of her dower and other rights in his estate. Under the terms of the trust, the widow was to receive $30 a week for life, or until she should remarry.

The widow was dissatisfied with the will's provision and accordingly made demand upon the executors of decedent's estate to have her dower assigned. As of his death, decedent owned two parcels of real estate from which dower could be assigned under New Jersey law.

The first parcel of property consisted of land and three fuel oil tanks. Its fair market value at decedent's death was $3,750. The net annual income available from the property, after expenses, was approximately $1,200 as of the date of death.

The second parcel of property consisted of a lot and house containing three apartments and having a fair market value at decedent's death of $23,000. The apartments were rentable at $120, $110, and $60 per month, respectively. The net annual income available from the property, after expenses, was approximately $2,000 as of the date of death.

The two parcels of property were incapable of being partitioned.

As a result of arm's-length bargaining between the representatives of the widow and of the estate, the parties entered into an agreement dated September 30, 1963, under which the widow was to receive a lump-sum payment of $10,000 in consideration of her release of all claims she might have against the estate, whether under the will, by way of dower, or otherwise.

On October 2, 1963, the widow was paid the sum of $10,000 against her delivery of a general release and two executed deeds evidencing her release of dower in the two parcels of real estate. The settlement agreement and general release were filed in the office of the Surrogate of Passaic County, N.J., on October 2, 1963.

On the estate tax return, petitioner claimed a marital deduction under section 2056 [1] for the $10,000, which the respondent disallowed.

Under the applicable New Jersey statutes and the rules governing the New Jersey courts, the actuarial lump-sum value of the widow's dower was:

(1) Approximately $4,800 based on the income from the net proceeds of an assumed sale of the two parcels of real estate.

(2) Approximately $15,000 based upon the yearly income from the two parcels as of the date of death.

OPINION

The basic facts herein are undisputed. Decedent, in his will, made only one provision for his wife, a $15,000 trust fund, from which she was to be paid $30 per week for life or until she should remarry. The widow, dissatisfied with the trust provision, demanded that the executors assign her dower in lieu thereof. As a result of arm's-length bargaining between the widow and the estate, the widow agreed to release all claims she might have and received in exchange therefore a lump-sum payment of $10,000. The sole issue is whether this payment qualifies for the marital deduction under section 2056.

At the outset it should be recognized that the mere fact that the lump-sum payment herein was made pursuant to an arm's-length agreement is not determinative. Admittedly, such agreements, settling disputes of the type involved herein, have been favored by the courts, as indeed they should.[2] *Dougherty* v. *United States*, 292 F. 2d 331 C.A. 6, 1961) ; *Stephens* v. *United States*, 270 F. Supp. 968 (D. Mont. 1967) ; *Moore* v. *United States*, 214 F. Supp. 603 (W.D. Ky. 1963) ; cf. *Lyeth* v. *Hoey*, 305 U.S. 188 (1938) ; *Estate of Gertrude P. Barrett*, 22 T.C. 606 (1954). But the foundation of these decisions is that the arm's-length agreement simply reflects a monetary disposition by the parties of the underlying legal right of the taxpayer. They in no way suggest that the agreement determines *the source or nature of those rights*.

In this case, the critical elements are *the source and nature* of the widow's right to receive a lump sum. In order to prevail, petitioner

---

[1] All references are to the Internal Revenue Code of 1954 unless otherwise indicated.

[2] It may be that the recent decision of the Supreme Court in *Commissioner* v. *Estate of Bosch*, 387 U.S. 456 (1967), will require the Federal courts to look behind an arm's-length settlement in order to determine the effect which should be given it for tax purposes. See Sobeloff, "Tax Effect of State Court Decisions—The Impact of *Bosch*," 21 A.B.A. Tax Lawyer 523–528 (1968).

must show that the widow's right to receive a lump sum was "dower * * * or statutory interest in lieu [of dower]" so that the $10,000 "passed" from the decedent under section 2056(e)[3] and that such right was not a "terminable interest" within the meaning of section 2056(b).[4] The considerations involved in determining whether these two conditions have been met are not unrelated. See 4 Mertens, Law of Federal Gift and Estate Taxation, sec. 2913, p. 245, and sec. 29.27, p. 300 (1967 cum. supp.). Petitioner contends that the $10,000 received by the widow was a "statutory interest in lieu [of dower]" within the meaning of section 2056(e)(3) and therefore qualifies as "passing" to her from the decedent. Respondent's position is that the widow had no right under New Jersey law to elect a lump-sum settlement in lieu of dower and that she thus realized the $10,000 from a sale of her dower interest under the agreement with the estate and not in settlement of any statutory interest in lieu thereof.

Under New Jersey Revised Statutes (1951) sections 3A: 35–1 and 3A: 36–2, the widow was entitled to claim dower by way of a life estate in one-half of the real estate held by her husband and to institute legal action for the admeasurement (i.e., assignment) thereof. New Jersey Revised Statutes section 3A: 36–3 provides the conditions under which an assignment from rents and profits or a lump sum in lieu of admeasurement of dower may be awarded to a widow:

3A: 36–3. Where admeasurement cannot be had without prejudice; sale as in partition.

---

[3] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(e) DEFINITION.—For purposes of this section, an interest in property shall be considered as passing from the decedent to any person if and only if—

*　　*　　*　　*　　*　　*　　*

(3) such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent;

Petitioner makes no contention that the lump-sum payment received by the widow may be deemed to have passed from decedent under any of the other provisions of sec. 2056(e). In this regard, we note that decedent's will created a trust fund—admittedly a terminable interest—in favor of the widow and petitioner has made no attempt to show that she had any other rights of inheritance apart from the will or her dower rights.

[4] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

When the superior court or county court determines that the real estate, or part thereof, is so circumstanced that dower or curtesy cannot be assigned, admeasured and set off without prejudice to the owners, it may direct a sale thereof as in an action for partition where actual partition cannot be had without prejudice to owners, or in its discretion it may direct an assignment of the dower or curtesy from the rents and profits of the real estate. The court may order the real estate sold free from dower or curtesy, making compensation for the value thereof.

In applying these provisions, it is settled New Jersey law that the courts have the power to award a lump sum in lieu of dower under the statute only if the lands of the decedent are directed to be sold. If the lands are not sold under judicial procedure, the New Jersey courts can only make such an award *pursuant to the agreement of the parties*. *Potter* v. *Watkins*, 104 N.J. Eq. 13, 17, 144 A. 27, 29 (Ch. 1928); cf. *Katz* v. *Farber*, 4 N.J.L. 333, 337, 72 A. 2d 862, 864 (1950); *In Re Flasch*, 51 N.J. Super. 1, 19–21, 143 A. 2d 208, 218–219 (App. Div. 1958); see 7 Clapp, New Jersey Practice, Wills and Administration, sec. 1677 (3d ed. 1962). Compare also *Haulenbeck* v. *Cronkright*, 23 N.J. Eq. 407 (Ch. 1873), aff'd. 25 N.J. Eq. 513 (Err. & App. 1874). This categoric renunciation makes inapplicable decisions where an inherent power in the courts of other States to make a lump-sum award in lieu of dower was found to exist and the award was therefore equated with a "statutory interest in lieu [of dower]." *United States* v. *Hiles*, 318 F. 2d 56 (C.A. 5, 1963) (Alabama); *American National Bank & Trust Co.* v. *United States*, 266 F. Supp. 1008 (E.D. Tenn. 1967). Here, there is no evidence that any proceeding for the sale of the two parcels of real estate was instituted in the New Jersey courts or that there was any direction by a court that the parcels by sold (or, for that matter, that they were in fact sold). Cf. *Dougherty* v. *United States, supra.* Indeed the contrary seems to have been the case. Under these circumstances, we can only conclude that the source of the right of the widow to receive the $10,000 was the agreement with the estate and not the provisions of the New Jersey statutes. Accordingly, such right did not reflect a "*statutory* interest in lieu [of dower]." Since the $10,000 was obviously neither dower itself nor otherwise derived from the decedent, it did not represent an interest which "passed" within the meaning of section 2056(a) or (e).[5]

In view of our conclusion that under New Jersey law the $10,000 did not "pass" from the decedent, we need not decide whether, even if it did so "pass," the widow's right thereto constituted a terminable

---

[5] The legislative history shows that "any interest received by the surviving spouse under a settlement *which does not reflect her rights under the local law* does not pass to the surviving spouse from the decedent." See S. Rept. No. 1013 (Part 2), 80th Cong., 2d Sess., p. 5 (1948). (Emphasis added.)

interest and therefore failed to qualify for the marital deduction by virtue of section 2056(b). We note in passing, however, that:

(1) Whether an interest is "terminable" must be determined in light of the particular local law involved and the situation as of the date of death. E.g., *Jackson* v. *United States*, 376 U.S. 503 (1964); *Estate of Edna Allen Miller*, 48 T.C. 251 (1967). It is the possibility and not the actuality of termination which controls. E.g., *Estate of Wallace S. Howell*, 28 T.C. 1193, 1195 (1957); S. Rept. No. 1013 (Part 2), 80th Cong., 2d Sess., pp. 7–8 (1948).

(2) If the widow herein had died at any time prior to September 30, 1963 (the date of the execution of the agreement with the estate), her right to dower or to any interest in lieu thereof would apparently have abated under New Jersey law.[6] *In Re Flasch, supra; Needles* v. *Dougherty*, 134 N.J. Eq. 108, 115, 34 A. 2d 396, 400 (Ch. 1943); *Boehm* v. *Rieder*, 96 N.J. Eq. 167, 176, 125 A. 23, 26 (Ch. 1924); *McLaughlin* v. *McLaughlin*, 22 N.J. Eq. 505, 512 (Err. & App. 1871); *Mulford* v. *Hiers*, 13 N.J. Eq. 13 (Ch. 1860).

(3) Although several courts have held that a lump-sum payment in lieu of dower qualifies for the marital deduction, many of the decisions were promulgated prior to the *pronunciamento* of the Supreme Court in *Jackson* v. *United States, supra*,[7] and several of the post-*Jackson* decisions rest on a finding, or at least an assumption, that the widow had a vested absolute right to a lump-sum award as of the date of death. *First National Exchange Bank of Roanoke* v. *United States*, 335 F. 2d 91 (C.A. 4, 1964) (Virginia); *Dougherty* v. *United States, supra* (Kentucky); *United States* v. *Crosby*, 257 F. 2d 515 (C.A. 5, 1958) (Florida); *United States* v. *Traders National Bank of Kansas City*, 248 F. 2d 667 (C.A. 8, 1957) (Missouri); *Stephens* v. *United States, supra* (Montana); *Wachovia Bank & Trust Co.* v. *United States*, 234 F. Supp. 897 (M.D.N.C. 1964); *National Bank of Orange* v. *United States*, 218 F. Supp. 907 (E.D. Va. 1963); *Moore* v. *United States, supra* (Kentucky); *United States* v. *Hiles, supra* (Alabama); *American National Bank & Trust Co.* v. *United States, supra* (Tennessee); *Kendall, Sr., Exr.* v. *United States*, an unreported case (D Vt. 1966, 17 A.F.T.R. 2d 1413, 66–1 U.S.T.C. par. 12,396); cf. *Taylor* v. *United States*, 388 F. 2d 849 (C.A. 5, 1967); see 4 Mertens, Law of Federal Gift & Estate Taxation, sec. 29.27, p. 320; Casner, Estate Planning, p. 2 (3d ed., 1967 supp.).

---

[6] This conclusion does not rest upon any consideration that the widow's assumed right to a lump sum was also dependent upon a personal election by her which would not survive her death. Cf. *Isaac Harter, Jr.*, 39 T.C. 511 (1962); *Estate of Proctor D. Rensenhouse*, 31 T.C. 818, 821 (1959); 4 Mertens, Law of Federal Gift & Estate Taxation, sec. 29.27, p. 303. (1967 cum. supp.). Compare also sec. 2056(b)(3), I.R.C. 1954.

[7] Although the *Jackson* case involved a widow's allowance, the rationale of the decision seems equally applicable in considering the nature of a widow's right to dower or a "statutory interest in lieu thereof."

We also do not reach the question whether the marital deduction herein should, in any event, be limited to $4,800 on the basis of respondent's assertion that this is the maximum amount which the widow could have obtained from the New Jersey courts.[8]

We are not unmindful that our point of view herein represents a technical approach which does not fully accord with the general goal in enacting the marital deduction provisions, namely, uniformity in Federal estate tax impact among the States. But the Supreme Court has recognized and adopted such an approach, observing that "the device of the marital deduction which Congress chose to achieve uniformity was knowingly hedged with limitations" and that "The achievement of the purposes of the marital deduction is dependent to a great degree upon the careful drafting of wills." *Jackson v. United States*, 376 U.S. at 510–511. To this we might add "and to the careful drafting of state statutes."[9]

*Decision will be entered for the respondent.*

---

[8] The widow herein may well have taken the $10,000 lump-sum payment in lieu of her interest under the will rather than her right to dower, since the actuarial value of her life interest in $30 per week was over $15,000 and it may be that she matched $10,000 outright against this interest. Respondent, however, has made no argument along these lines.

[9] See *Second National Bank of New Haven v. United States*, 222 F. Supp. 446, 451 (D. Conn. 1963), reversed on other grounds 351 F. 2d 489 (C.A. 5, 1965), affd. 387 U.S. 456 (1967), where the District Court comments on the steps taken by the Connecticut legislature to amend the local law relating to a widow's allowance in order to meet the requirements of *Jackson v. United States*, 376 U.S. 503 (1964).